Louis Silver *vs.* Roberts Garage, Inc.

Suffolk.     November 29, 1921. — March 3, 1922.

Present: Rugg, C. J., Braley, Crosby, Carroll, & Jenney, JJ.

*Estoppel. Replevin. Corporation,* Officers and agents.

At the trial of an action of replevin of a motor car, it appeared that the defendant was a corporation whose president and controlling stockholder as an individual had purchased the car, giving therefor his notes under a conditional bill of sale; that later the vendor had assigned the notes and the contract of conditional sale to one from whom, upon payment of the notes, the defendant corporation had taken it by assignment; but that, in the meantime, the original vendee had returned the car to the original vendor and had demanded but had not received back his contract of conditional sale and notes, and the original vendor then resold the car to one from whom the plaintiff had derived his title. There was evidence tending to show that the first vendee was present at the negotiations which resulted in the resale, that, with full knowledge of his own status of ownership, he had stood by and without speaking had permitted the original vendor, who was in actual possession, to appear to be the real owner of the car with full power of disposition, and that the prospective buyer at the resale, being deceived by this attitude of the first vendee not only at the time of the purchase but also during previous conversations about the car, as the first vendee had reasonable cause to know and believe he would be, and having no information of the true state of affairs, was induced to buy the car in which the first vendee still had enforceable rights, which, if exercised, would confer a good title. *Held,* that

(1) The evidence was sufficient to justify a finding of estoppel of the defendant to deny the plaintiff's title;

(2) The defendant corporation was bound by the knowledge possessed by its president, who was the first vendee, and could have no greater rights than would have been his had he been defendant.

Replevin of an Owen Magnetic automobile. Writ dated September 14, 1918.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence is described in the opinion. Against the objection and subject to an exception by the defendant, the judge left

to the jury with appropriate instructions the determination of the question, whether the defendant was estopped, by the conduct of one Roberts, its president and principal stockholder, to claim a title to the automobile. The jury found for the plaintiff; and the defendant alleged exceptions.

*S. A. Dearborn,* for the defendant.

*F. Freundlich,* for the plaintiff, submitted a brief.

BRALEY, J. The action is replevin to obtain possession of an Owen Magnetic automobile. The admission of evidence to which the defendant excepted having been elicited in cross-examination, was within the discretion of the court, and the only remaining question is, whether there was evidence which would warrant a finding by the jury that the defendant was estopped from maintaining its alleged title to the automobile.

It seems to have been unquestioned that on January 15, 1917, one Roberts bought the car of F. M. Chase, Inc., upon a conditional contract of sale or lease, the title to remain in the seller until full payment of the balance of the price according to the tenor of certain promissory notes given by the buyer. In the following March, Roberts returned the car. He testified "that he had paid some of the notes and then that he had paid none of them," and that he demanded a "return of his contract and notes," and finally was told that "they were lost." The jury, especially in the light of the evidence of one Russell, who on or about January 26, 1917, lent money to the seller, taking an assignment of the lease and notes as collateral security, and of Roberts who said that Russell came to see him to verify his "signature on the lease or on notes," were not bound to believe his version of what took place when he returned the car. Furthermore they could rely on Russell's testimony, that before discounting the notes he called on Roberts "to verify his signature on the lease and notes, and told him he was going to discount them," and could find on all the evidence, that at this time Roberts knew that his friend Edward R. Sherburne, under whom the plaintiff derived title, intended to buy the car from F. M. Chase, Inc., in whose possession as the ostensible owner it had remained. If Roberts' first statements were true the conditional contract could be found to have been mutually abrogated. But, without making any attempt to assert his rights on the ground that the contract had been terminated before the

assignment to Russell, he paid Russell the full amount and took from him an assignment of the contract and notes to the defendant, the Roberts Garage, Inc., of which he was the incorporator, president and owner substantially of all the stock, and manager of its corporate affairs. While these transactions were in the making Sherburne, wholly ignorant of them as the jury could say, bought on March 30, 1917, the car from F. M. Chase, Inc., and received delivery under a conditional contract or lease, giving his notes for the price, the last instalment of which was paid August 14, 1917. The question, whether by force of all the arrangements between Roberts, Chase and Russell the defendant had obtained title, was one of fact, to which on conflicting evidence an affirmative answer could have been returned. *C. B. Cottrell & Sons Co.* v. *Carter, Rice, & Co.* 173 Mass. 155. *Hoe* v. *Rex Manuf. Co.* 205 Mass. 214. The jury, however, on Sherburne's evidence were warranted in finding, that before buying the car he "learned from his friend, Roberts, that he was going to return the car to F. M. Chase, Inc., and that . . . Roberts went with him to F. M. Chase, Inc., to buy this car." A finding also would have been justified on the cross-examination of Roberts, that Sherburne "after the car had been turned back" asked him in substance "whether he should take that car or not," and was assured, "that it was all right." It is plain the jury could find that Sherburne received delivery and retained possession under conditions which he believed, and had reason to believe, gave him a clear title, and that this title and possession had been transmitted and retained by the plaintiff by mesne transfers, until interrupted by the defendant's forcible seizure of the car.

"It is a familiar rule that possession of property, with the exercise of rights of ownership over it, is some evidence of title. Ordinarily it makes a *prima facie* case for the proof of title by the possessor. If testimony is introduced to control it, the whole evidence is considered together to determine the true title, and possession, with the exercise of the usual rights of an owner, is not disregarded." *United Shoe Machinery Co.* v. *Bresnahan Shoe Machinery Co.* 197 Mass. 206, 215, 216. *Johnson* v. *Neale,* 6 Allen, 227. If the jury were convinced by the testimony of Sherburne more or less corroborated by Roberts' own evidence, they were warranted in reaching the conclusion under the full and well guarded instruc-

tions of the judge, that Roberts with full knowledge of his own status of ownership stood by, and without speaking permitted Chase who was in actual possession to appear to Sherburne as the real owner with full power of disposition; and that Sherburne, being deceived by his attitude, as Roberts had reasonable cause to know and believe would be the effect of his conduct not only at the time of the purchase but during their previous conversations about the car, and having no information of the true state of affairs, was induced to buy a car in which Roberts had enforceable rights, which, if exercised, would confer a good title. *Dame* v. *C. H. Hanson & Co. Inc.* 212 Mass. 124, 126. The evidence accordingly was sufficient to justify a finding of estoppel. *Stiff* v. *Ashton,* 155 Mass. 130, 133. *United Shoe Machinery Co.* v. *Bresnahan Shoe Machinery Co.* 197 Mass. 206, 215.

The defendant is bound by the knowledge of its president, and can have no greater rights than Roberts would have if he were the adverse party. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413, 419. *Ratchesky* v. *Piscopo,* 239 Mass. 180.

*Exceptions overruled.*