## In re JOHN J. KINGSLEY, Inc.*
## No. 53196.

District Court, D. Massachusetts.
April 4, 1934.

William M. Silverman, of Boston, Mass., for trustee.

Ralph E. Tibbetts, of Boston, Mass., for Worcester Bank & Trust Co.

BREWSTER, District Judge.

In these proceedings the executor of Frank S. Ewing brought a petition to reclaim certain jewelry in the possession of the trustee in bankruptcy. The petition was denied by the referee whose order is now before the court for review. The following facts are presented:

John J. Kingsley, a well-known Boston jeweler, purchased two lots of jewelry, being the entire stock of other Boston jewelers. Ewing provided the money with which the purchases were made. Bills of sale of the merchandise ran to Kingsley, but the jewelry was delivered to the store of the bankrupt, and there it was earmarked in order to distinguish it from the stock of the bankrupt corporation.

The bankrupt entered into an agreement with Ewing with respect to each of the lots of jewelry purchased. The first recited that Kingsley had transferred the jewelry to Ewing; and in the second agreement, to which Kingsley was a party, the jewelry was formally assigned and transferred to Ewing. In both agreements the bankrupt agreed that Ewing had delivered, and by the instrument did deliver, the merchandise to the bankrupt, the receipt of which was acknowledged. The bankrupt further agreed to sell the merchandise and to account monthly to Ewing for the cost price and one-half of the difference between cost and the selling price. Sales were widely advertised in the name of Kingsley, to take place at the store of the bankrupt. In none of the advertisements did it appear that the bankrupt's property was being sold, nor is there any evidence of any representation by Ewing, Kingsley, or the bankrupt that the bankrupt owned the jewelry in question. It does not appear that any creditor's lien was preserved for the benefit of the bankrupt estate.

The referee was of the opinion that, as between Kingsley and Ewing, Ewing could

*Decree affirmed Nathanson v. Worcester Bank & Trust Co., 73 F.(2d) 889.

304

establish title. With this I agree, but I cannot agree that the petitioner has failed to show that Ewing ever got a good title. It is a well-settled rule of law, in this commonwealth and elsewhere, that an instrument of transfer accompanied by delivery to a third party, or an attornment by the party in possession, is sufficient to complete a transfer of the title, good as against the creditors of the vendor. Union Trust Company & Security Warehousing Company v. Wilson, 198 U. S. 530, 25 S. Ct. 766, 49 L. Ed. 1154; Atherton v. Beaman (C. C. A.) 264 F. 878. Compare In re Rogers (D. C.) 288 F. 140; In re Ford-Rennie Leather Co. (D. C.) 2 F.(2d) 750.

Such delivery would satisfy the Massachusetts Sales Act. Mass. G. L. (Ter. Ed.) c. 106, § 21, rule 4 (2), and § 32 (3).

Furthermore, Kingsley is not in bankruptcy, and we are not here concerned with any rights which his creditors may have had, and, therefore, it becomes unnecessary to determine whether the transfer from him to Ewing, absolute in form, was by way of security or otherwise.

There is nothing in the facts set forth in the certificate which affords the slightest ground for claiming that the bankrupt ever transferred to Ewing the jewelry by way of security or otherwise. The proposition that a bill of sale, absolute in form but given as security, will not be valid against any person other than the parties thereto, therefore, has no application to the case in hand.

The only question, as I see it, upon which the rights of the parties turn, is whether under the circumstances disclosed in the certificate, concerning which there seems to be no dispute, the bankrupt can be said to have become the ostensible owner, or, in other words, whether Ewing was estopped from denying that the bankrupt had complete title to the merchandise. It may be possible to find in the situation the elements of ostensible authority to sell, so that a purchaser of the jewelry would be fully protected; but it does not follow that the bankrupt had acquired any title to the merchandise which would pass to its trustee. The petitioner, as representative of Ewing, is not estopped by Ewing's conduct to deny that the company owned the jewelry. We are not here dealing with a case where the bankrupt became the conditional vendee. It did not agree at any time to become the purchaser. The sales of the jewelry were all advertised to be made by Kingsley and not by the corporation. There was no representation by Kingsley, by Ewing, or the bankrupt that would mislead any one into the belief that the jewelry was not being sold as advertised.

In my opinion, the doctrine of ostensible ownership cannot be extended to reach this case. Mitchell Wagon Co. v. Poole (C. C. A.) 235 F. 817.

The mere possession alone is not sufficient to preclude the owner from asserting his title, even though the possession may lead innocent third persons to believe that the possessor is the owner. Williston on Sales, § 313.

The possession of property with the exercise of rights of ownership is only prima facie evidence of title and may be rebutted by evidence showing the true title. Silver v. Roberts Garage, Inc., 240 Mass. 571, 573, 134 N. E. 610.

I have no doubt that the transaction here involved amounted to a bailment and that the property was in the bankrupt's possession as bailee or agent and, according to well-settled authority, under such circumstances the bailor or principal may recover the property. Collier on Bankruptcy, p. 1709, and cases cited in footnotes 331 and 334.

The order of the referee disallowing the reclamation petition is set aside and the petition allowed.