COMMONWEALTH vs. ONE 1972 CHEVROLET VAN.

Middlesex. October 7, 1981. — February 4, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Constitutional Law*, Trial by jury. *Practice, Civil*, Forfeiture proceeding. *Motor Vehicle*, Forfeiture.

In a proceeding under G. L. c. 94C, § 47, for forfeiture of a motor vehicle which had been used in the unlawful distribution of a controlled substance, but which had no distinguishing quality adapting it for criminal activity, the owner of the vehicle was entitled, under art. 12 of the Massachusetts Declaration of Rights, to a trial by jury [200-201, 204]; language in § 47 purporting to provide for trial without jury was severable from the balance of the statute [202-203].

CIVIL ACTION commenced in the Superior Court Department on September 30, 1980.

The case was heard by *Barton*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*John C. McBride* for the defendant.

*Robert L. Rossi*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We conclude that in a proceeding under G. L. c. 94C, § 47, for the forfeiture of a motor vehicle used in the unlawful distribution of a controlled substance, the owner of the motor vehicle is entitled to a trial by jury.

General Laws c. 94C, § 47 (*a*) (3), inserted by St. 1971, c. 1071, § 1, calls for the forfeiture to the Commonwealth of "[a]ll conveyances, including . . . vehicles, . . . which are used . . . to transport, conceal or otherwise to facilitate the . . . dispensing or distribution of . . . a controlled substance." The proceeding, which is in rem and "deemed a civil suit in equity," may be brought by a district attorney

or the Attorney General. G. L. c. 94C, § 47 (d). The motor vehicle owner challenges the constitutionality of this provision which purports to provide for trial without a jury.

The district attorney for the county of Middlesex commenced this forfeiture action against a 1972 Chevrolet van owned by one Craig MacCormack. On September 17, 1980, MacCormack, while seated in the van, delivered a package containing approximately one gram of cocaine, a Class B controlled substance, to one DiMauro in exchange for $220. The sale had been arranged by an officer of the Metropolitan District Commission police (MDC) and was observed by undercover MDC police officers. The trial judge found that the van was used, with MacCormack's knowledge, to transport, conceal, and facilitate the dispensing and distribution of cocaine.

Prior to trial, MacCormack filed a claim for trial by jury and also filed a motion to dismiss the complaint on the ground that G. L. c. 94C, § 47, did not provide for trial by jury. These motions were denied. The case was tried without a jury, and the judge ordered the entry of a judgment of forfeiture of the Chevrolet van to the Commonwealth. The defendant has appealed, not to challenge the principle that forfeiture may be ordered in the circumstances found by the judge, but, relying on art. 12 of the Declaration of Rights, to challenge the denial of a jury trial. We granted the defendant's application for direct appellate review. Although we conclude that a jury trial was required, we in no way intend to suggest that the forfeiture of property used in criminal activity is an inappropriate means of punishing and discouraging crime.

The Massachusetts Declaration of Rights, art. 12, provides, in part, that "no subject shall be . . . deprived of his property . . . but by the judgment of his peers, or the law of the land."[1] We have not regarded a jury trial to be man-

---

[1] Although art. 12 deals with many matters related to the rights of criminals, it is not exclusively concerned with criminal matters. For example, art. 12 sets forth principles of due process of law applicable to

dated by art. 12 when a proceeding is brought to abate a nuisance. *Carleton* v. *Rugg*, 149 Mass. 550 (1889). This is because, although it usually has unseverable punitive side effects, nuisance abatement is predominantly remedial in character. A nuisance proceeding, which merely limits the owner's use of his property by enjoining future illegal uses, is, however, different from the forfeiture in the case at bar, which would permanently deprive MacCormack of his van.

In other situations, we have determined that art. 12 requires jury trials. In *Commonwealth* v. *United Food Corp.*, 374 Mass. 765 (1978), we applied art. 12 in the context of a complicated statutory remedy, which included enjoining the nuisance of prostitution, closing the premises for one year, and selling all personalty used in maintenance of the nuisance, with any proceeds in excess of the cost of the proceedings returned to the owner. We held, first, that a jury trial was not constitutionally required in a proceeding to abate the nuisance by enjoining prostitution (*id.* at 779); but we concluded that the additional statutorily mandated remedies of closure and sale would not in every case be necessary to accomplish the permissible statutory purposes of abating the nuisance and recovering the cost of the proceedings (*id.* at 780). In other words, those additional remedies might in certain applications be "solely punitive." *Id.* at 779. We held that where a severable portion of a statutory remedy is totally punitive, art. 12 guarantees the right to a jury trial.[2]

We deal today with a statutory remedy — forfeiture of a motor vehicle — which is neither clearly remedial nor solely

civil, as well as criminal, actions in both a procedural (see *Milligan* v. *Board of Registration in Pharmacy*, 348 Mass. 491, 495 [1965]), and a substantive sense (see *Pinnick* v. *Cleary*, 360 Mass. 1, 14 n.8 [1971]).

[2] We cured the constitutional defect in the *United Food* case by granting the judge discretion to refrain from closing the property and selling all fixtures unless those remedies were necessary to abate the nuisance or to recover the cost of the proceedings. Here, because the punitive and preventative aspects of forfeiture are unseverable, and because forfeiture is an all or nothing proceeding, we cannot develop a parallel solution. *Commonwealth* v. *United Food Corp.*, 374 Mass. 765, 781 (1978).

punitive. It is generally recognized that a forfeiture proceeding has the dual purpose of preventing further illicit activity and of imposing a penalty. See *Commonwealth* v.
*One 1977 Pontiac Grand Prix Automobile*, 375 Mass. 669,
675 (1978); *Commonwealth* v. *Certain Motor Vehicle,
Indus. Fin. Co.*, 261 Mass. 504, 508 (1928); *Calero-Toledo*
v. *Pearson Yacht Leasing Co.*, 416 U.S. 663, 686, 688
(1974). Forfeiture is punitive because it results in total loss
of the property.[3] But it is often also remedial, for like a proceeding in equity to abate a nuisance, it restrains further
illegal use of the forfeited item. If forfeitures of all types of
property resulted in the same proportion of penal to
remedial effects, we might have less difficulty in labeling
forfeitures as either largely penal or largely remedial.
Because, however, the two aspects are likely to be involved
in varying degrees in each forfeiture proceeding, the issue
cannot be resolved without considering the type of property
forfeited.

In the circumstances of the forfeiture of a motor vehicle
not particularly adapted for use in criminal activity, a jury
trial is required if requested. Forfeiture of a common vehicle is unlike forfeiture of either (a) items, such as drugs,
which are the subject matter of the crime itself, or (b) items,
such as stills and certain burglary tools, which are special
instruments tailored to the commission of crimes. The van
here had no distinguishing quality that made it particularly
suitable for use in committing crimes, and its ownership,
possession, and use were not crimes themselves. Where a
mass-produced object as common as a motor vehicle is involved, the element of punishment certainly becomes dominant, and the preventative quality of forfeiture becomes
relatively insignificant, and often nonexistent, so as to make

---

[3] We reject the fiction expressed on occasion (see *Various Items of Personal Property* v. *United States*, 282 U.S. 577, 581 [1931]), that forfeiture
is not a penalty because the property itself is the offending thing. Motor
vehicles do not commit crimes or sell drugs; people do. Similarly, it is not
the rights of the defendant motor vehicle which are implicated here. It is
the constitutional rights of the vehicle's owner.

the forfeiture a deprivation of property within the meaning of art. 12.[4] Therefore, a jury trial must be made available in a vehicle forfeiture proceeding under G. L. c. 94C, § 47.[5]

The forfeiture statutes of the Commonwealth generally require jury trials at some stage of the proceedings. See, e.g., G. L. c. 257, § 6, the general forfeiture statute, which

[4] It seems clear that forfeiture always has an element of punishment. The penal quality of this particular forfeiture proceeding is emphasized by the statutory protection given to the owner of a conveyance that has been stolen from him and to the owner of a conveyance who neither knew nor reasonably should have known of the unlawful use. See G. L. c. 94C, § 47 (c) (2) and (3).

As to the preventative quality of forfeiture, where the subject property is an everyday motor vehicle, in most instances the sequestering of the vehicle has little practical relationship to the prevention of future criminal conduct. The owner usually can find another vehicle with ease. In some cases, particularly those involving the well-organized distribution of drugs, the loss of the vehicle is merely a part of the "cost of doing business" and will have no significant preventative effect.

[5] We note further that it appears jury trials were provided in forfeiture cases at the time the Constitution of the Commonwealth was adopted. See *C.J. Hendry Co.* v. *Moore*, 318 U.S. 133, 140 (1943), in which the Court, in discussing the right of a State court to entertain a forfeiture proceeding involving property seized in navigable waters, concluded that proceedings to condemn ships and cargoes for violation of the Navigation Acts were tried to juries in Colonial courts. In reference to Massachusetts, the Court stated that "[f]orfeiture cases under the Navigation Acts were, however, regularly tried by that court [the Massachusetts Court of Assistants] before juries, apparently in the same manner as other common law cases." *Id.* at 141-142 n.4, citing records of the Court of Assistants. For an exhaustive analysis of the question of the right to a jury trial in forfeiture proceedings at the time of the adoption of the Bill of Rights, see *United States* v. *One 1976 Mercedes Benz 280S*, 618 F.2d 453 (7th Cir. 1980). The court said (*id.* at 466): "The conclusion appears inescapable that both English and American practice prior to 1791 definitely recognized jury trial of *in rem* actions at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." Note also that a 1779 Act of the General Court providing for the forfeiture of the property of persons "commonly called Absentees" (i.e., departed Tories and sympathizers with King George III) provided for the trial of each forfeiture proceeding "by a Jury in the known and ordinary course of law used and approved in this State." Chapter 74, § 3 (April 30, 1779), published in the Appendix of Vol. 2 of The Laws of the Commonwealth of Massachusetts 1055-1058 (1807).

characterizes the proceeding as a civil action in which either party is entitled to claim a jury trial as in other civil actions; G. L. c. 138, §§ 50-55, concerning unlawfully possessed alcoholic beverages, and vehicles and vessels containing them, and providing an appeal "as if he had been convicted of crime"; G. L. c. 276, § 8, concerning property seized pursuant to a search warrant, and G. L. c. 271, § 5A, concerning gambling devices, in which proceedings on appeal "shall conform so far as may be to proceedings in criminal cases" (G. L. c. 276, § 8); G. L. c. 269, § 10 (e), concerning illegally possessed firearms and weapons, and G. L. c. 148, § 36, concerning bombs and explosives, in which the items are to be forfeited after conviction of the possessor in a trial which, at the defendant's election, could be a trial by jury. Only in rare instances, of which G. L. c. 94C, § 47, is one, has the Legislature provided for a trial without a jury. See G. L. c. 94C, § 47 ("civil suit in equity"); G. L. c. 21C, § 4, as amended by St. 1980, c. 508, § 9, concerning (among other things) conveyances used in the unlawful transportation of hazardous wastes ("a civil *in rem* action without jury"). The Legislature cannot, of course, eliminate a constitutional right to trial by jury simply by designating a proceeding as a civil action without a jury.[6] See *Stockbridge* v. *Mixer*, 215 Mass. 415, 418 (1913), and cases cited.[7]

---

[6] There may, however, be room for the Legislature to influence the nature of the proceedings and governing principles, such as the quantum of proof required, by designating a forfeiture proceeding as a civil rather than a criminal action. See *Commonwealth* v. *MacKenzie*, 368 Mass. 613, 619 n.5 (1975).

[7] Because we have determined that art. 12 grants MacCormack the right to a jury trial and because MacCormack has not relied on art. 15, we need not determine whether the Massachusetts Declaration of Rights, art. 15, provides a right to trial by jury in this case. Article 15 provides that "[i]n all controversies concerning property . . . except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury." This parallels the Seventh Amendment to the Constitution of the United States, which has been held to preserve the right to jury trial in vehicle forfeiture proceedings (see *United States* v. *One 1976 Mercedes Benz 280S, supra* at 456), but which has not been

We conclude that the owner of the van was entitled to a trial by jury and that the provision in G. L. c. 94C, § 47, that purports to provide for a trial without a jury for motor vehicle forfeitures may appropriately be excised from the statute and the balance of the statute allowed to stand. See *Mayor of Boston* v. *Treasurer & Receiver Gen.*, 384 Mass. 718, 725 (1981).

The order denying the motion to dismiss the complaint is affirmed. The order denying the motion for a trial by jury is reversed. The judgment ordering forfeiture of the van is reversed, and the case is remanded to the Superior Court for trial by jury.

*So ordered.*

made applicable to the States through the Fourteenth Amendment (see *Freeman* v. *Wood*, 379 Mass. 777, 784 [1980]).