COMMONWEALTH *vs.* KEVIN GILDEA.

Suffolk.  September 16, 1983. — December 2, 1983.

Present: PERRETTA, KAPLAN, & WARNER, JJ.

*Personal Property,* Ownership, Property seized at time of arrest.  *Arrest. Waiver.*

Where a criminal defendant, after his convictions on pleas of guilty to charges of receiving stolen property, sought, by motion, the return of certain articles of jewelry seized from him at the time of his arrest, his acquiescence in the procedures followed by the judge in conducting an evidentiary hearing on his motion precluded him from contending on appeal that the Commonwealth was required to commence forfeiture proceedings.  [179-180]

Evidence before the judge who heard a convicted defendant's motion for the return of certain items of personal property seized from him at the time of his arrest, as well as the judge's resolution of issues as to the defendant's credibility, supported the denial of the motion.  [180-181]

INDICTMENT found and returned in the Superior Court Department on March 8, 1979.

Following a plea of guilty and the imposition of sentences, a motion seeking return of property seized from the defendant was heard by *Garrity,* J.

*Bruce Bono* for the defendant.

*Ellen M. Donahue,* Assistant District Attorney, for the Commonwealth.

PERRETTA, J.  As a result of his arrest in 1979, at which time the police seized from his possession a bag containing numerous items of jewelry, the defendant pleaded guilty to six indictments charging him with receiving stolen property, that is, specific articles of jewelry belonging to persons identified in each of the indictments.  Some of the pieces of jewelry found in the bag were not, however, the subject of

any indictment. In 1982, the defendant sought by motion the return of those items, claiming that they were his even though they were commingled with the stolen property at the time of his arrest. At the hearing on the motion, the arresting officer and the defendant testified: the former related that at the time of the defendant's arrest and the seizure, the defendant disclaimed any knowledge and ownership of the bag and its contents; the defendant denied that he had made any such statements now attributed to him. The judge accepted the arresting officer's version of the arrest and seizure, found that the defendant was not the owner of the property in dispute, and denied the motion.[1] We affirm.

1. *The Hearing.*

The defendant's motion sought the return of all those items seized at the time of his arrest which were not proved to be stolen and which remained unclaimed by persons other than the defendant. At the hearing, the defendant narrowed his claim to two items, a gold pendant and a watch.

The essential testimony at the hearing was as follows. While on routine police patrol on the night of February 5, 1979, police Officers John Sullivan and Richard Doyle saw the defendant and a female companion walking toward a car. The officers knew that the defendant was the subject of an outstanding arrest warrant. As the officers neared the defendant and his companion, the woman got into the car, and the defendant stood on the sidewalk. Doyle went to the car to speak with the woman, and Sullivan arrested the defendant.

According to Doyle, he found a brown paper bag filled with jewelry on the front seat of the car. He showed it to

---

[1] Because the defendant labelled his pleading a motion rather than a complaint and because the judge entered an order rather than a judgment, the Commonwealth argues that the order is a nonappealable ruling on a collateral issue. The order, however, disposes of the defendant's action with finality and is properly before us. Cf. *Borman* v. *Borman*, 378 Mass. 775, 778-781 (1979).

the defendant and his friend and "pulled all of this jewelry out on the top of the car," and asked, "What's this?" The defendant, standing at the other side of the car, yelled at Doyle: "You put it there. It's yours; it's not mine. You put it there."

The defendant testified that at the time of his arrest, the police never displayed the contents of the bag to him and he made no statement concerning knowledge or ownership of the bag and its contents. He stated that he had no document to show his ownership of the pendant, as it had been given to him by a former girlfriend. As for the watch, he stated that he once had a receipt to show a purchase and that the receipt had been in his bureau drawer, but that after his arrest, the police went to his house and "moved everything out."

2. *Alleged Procedural Defects.*

The defendant contends that the Commonwealth "deprived him of a wide variety of [S]tate and [F]ederal constitutional rights" by not initiating forfeiture proceedings while withholding from him property taken from his possession which he asserts to be his and which is unclaimed by another. This contention appears to be based to some extent on the notion that a retention of property which is not contraband automatically obligates the Commonwealth to commence forfeiture proceedings.

We need not decide, however, whether the withholding of the property here in dispute and under the present circumstances falls within the scope of any of the various statutes concerning such proceedings. For a description of these statutes, see generally *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198, 202-203 (1982). See also G. L. c. 276, §§ 3 and 4. Assuming, without deciding, that on the facts of this case the defendant was entitled to the procedural requirements of those provisions, the record before us shows that they were afforded to him, except in those instances in which he can be deemed to have waived them.

An evidentiary proceeding, be it described as a hearing or as a trial, was conducted on the motion, and the defendant

had the assistance of effective, court-appointed counsel who presented evidence and cross-examined witnesses on his behalf. The defendant made no request for or claim of a jury trial, see and compare *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. at 199, 201,[2] nor did he claim or show any prejudice to him by reason of the Commonwealth's failure to initiate promptly those proceedings which he now insists were mandatory. See *Commonwealth* v. *One 1976 Cadillac DeVille Automobile,* 380 Mass. 411, 421-422 (1980). In short, the defendant voiced no protest or argument in the trial court concerning the manner in which these proceedings were initiated and conducted. Cf. *National Merchandising Corp.* v. *Leyden,* 370 Mass. 425, 434 (1976) ("The defendants now raise objection to the procedure, but the objection comes too late, as they acquiesced in the procedure at trial").

3. *The Trial Judge's Findings and Conclusion.*

At the close of the evidence, the trial judge denied the motion because: "I don't have the slightest doubt in my mind that [the defendant] is lying . . . There's no question in my mind that the property that was in that paper bag is not his." The defendant argues that the trial judge's finding that the items in question did not belong to the defendant is based upon the statement which he allegedly made at the time of his arrest, that is, "[I]t's not mine." The argument continues that it is unfair to rely upon that statement as proof of nonownership because, if nothing else, there was a retraction when the defendant pleaded guilty to having received stolen goods, specifically, some of the items of jewelry in the bag.

We put aside the defendant's claim by noting that the statement was clearly relevant on the question of his credi-

---

[2] Moreover, we do not read *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. at 201-204, as requiring jury trials in *all* forfeiture proceedings. See also *Commonwealth* v. *United Food Corp.,* 374 Mass. 765, 781 n.9 (1978). If the defendant was of the persuasion that the Commonwealth's retention of the property had a punitive aspect to it, he could and should have raised that contention in the trial court.

bility, which the trial judge found to be woefully lacking. Even if we limit the probative value of the statement to the issue of the defendant's credibility, we see no error in the denial of the motion.

There is authority for the proposition that the defendant's possession of the property in question constitutes prima facie evidence of his right to it. The rule is: "[P]ossession of property, with the exercise of rights of ownership over it, is some evidence of title. *Ordinarily* it makes a *prima facie* case for the proof of title by the possessor. If testimony is introduced to control it, the *whole* evidence is considered together to determine the true title, and possession, with the exercise of the usual rights of an owner, is not disregarded" (emphasis added). *United Shoe Mach. Co.* v. *Bresnahan Shoe Mach. Co.,* 197 Mass. 206, 215-216 (1908). See also *Silver* v. *Roberts Garage, Inc.,* 240 Mass. 571, 573 (1922); *Simons* v. *Northeastern Fin. Corp.,* 271 Mass. 285, 291 (1930); *Hurley* v. *Noone,* 347 Mass. 182, 187 (1964).

We do not think it the least bit unreasonable to deny the defendant any evidentiary benefit which might otherwise flow from the fact of his possession of the claimed property where he commingled it with like articles which he admitted were stolen. That we refuse to treat the fact of his possession as a prima facie case for proof of his entitlement in these circumstances makes no real difference; these same circumstances are sufficient in any event to overcome his claim. *United Shoe Mach. Co.* v. *Bresnahan Shoe Mach. Co.,* 197 Mass. at 215-216.

On the basis of the evidence as a whole, and in view of the defendant's want of credibility (see *Hurley* v. *Noone,* 347 Mass. at 188-189), the trial judge correctly denied the defendant's motion. Accordingly, the order denying the motion for the return of the seized property is affirmed.

*So ordered.*