Steele, J.
Defendant, Adriano Vieira, moves to dismiss the indictments against him on the grounds that the criminal prosecution violates the constitutional prohibition against double jeopardy. Vieira alleges that the initial asset forfeiture proceeding, in which two cars and cash were forfeited, constituted punishment and any subsequent criminal prosecution for the same offense violates the constitutional protection against double jeopardy. For the reasons that follow, Vieira’s motion to dismiss is allowed.
DISCUSSION
The double jeopardy clause[1] protects criminal defendants against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. Mahoney v. Commonwealth, 415 Mass. 278, 283 (1993), citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969). At issue here is whether a criminal trial following a civil asset forfeiture proceeding constitutes double jeopardy, i.e. multiple punishments for the same offense. In determining whether separate criminal and civil forfeiture proceedings violate the double jeopardy clause, courts have focused on (1) whether civil forfeiture under the applicable statute constitutes punishment; and (2) whether the civil forfeiture and criminal prosecution were separate proceedings. U.S. v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1216 (9th Cir. 1994); People v. Towns, 646 N.E.2d 1366, 1368 (Ill. App. 1995).
Both the United States Supreme Court and the Supreme Judicial Court have recognized that civil forfeiture constitutes a form of punishment. See Dept. of Revenue v. Kurth Ranch, 114 S.Ct. 1937, 1948 (1994); Austin v. United States, 113 S.Ct. 2801, 2810 (1993); United States v. Halper, 490 U.S. 435, 448 (1989); Commonwealth v. One 1977 Chevrolet Van, 385 Mass. 198, 201 (1982). Moreover, the Supreme Court as well as a number of state and federal courts have declared that application of either the federal forfeiture statute, or its state counterparts, in a separate proceeding constitutes punishment and thus implicates the double jeopardy clause.[2] See People v. Towns, supra at 1370 and cases cited. Thus, based on the sound reasoning expressed in Austin, supra 2811, U.S. v. $405,089.23 U.S. Currency, supra at 1220-21, and People v. Towns, supra at 1371, the court concludes that a forfeiture under the Massachusetts forfeiture statute constitutes punishment[3] for double jeopardy purposes.
Clearly, the forfeiture proceedings were separate from the criminal proceeding in the instant case. The *193 proceedings consisted of separate docket numbers, different judges, and separate trials. See People v. Towns, supra at 1371-72. Thus, because the government is attempting to twice punish Vieira for the same crimes, the subsequent action is barred by the double jeopardy clause.
ORDER
Accordingly, defendant’s motion to dismiss is ALLOWED.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides: “[NJor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.” The double jeopardy clause is applicable to states through the Fourteenth Amendment to the United States Constitution, Grady v. Corbin, 495 U.S. 408, 410 n.l (1990), and has been recognized as part of Massachusetts’ common and statutory laws, Commonwealth v. Woods, 414 Mass. 343, 346 (1993); G.L.c. 263, §7.

The Massachusetts asset forfeiture statute, G.L.c. 94C, §47, is patterned after the federal statute, 21 U.S.C. §881, and should be interpreted consistently with federal decisions. Commonwealth v. One 1986 Volkswagen GTI Automobile, 417 Mass. 369, 373 (1994). Similarly, the statute at issue in People v. Towns, 646 N.E.2d 1366 (Ill. App. 1995), is analogous to the federal statute.

The Court recognizes that a forfeiture of the proceeds of a crime may not violate the double jeopardy clause. See District Atty. of Kings County v. Iadarola, 623 N.Y.S.2d 999, 1004-05 (Sup.Ct. 1995). This point, however, is irrelevant to the case at bar, as there is no indication that either the automobiles or cash were proceeds.