Cowin, J.
Defendant Autilio Burgo (“Burgo”) was indicted for trafficking in cocaine in violation of G.L.c. 94C, §32E(b) and the unlawful possession of ammunition in violation of G.L.c. 269, §10(h). Burgo seeks to dismiss the indictments on the grounds that the criminal prosecution violates the constitutional prohibition against double jeopardy. For the reasons discussed below, the defendant’s motion is denied.
BACKGROUND
On March 7, 1994, a search warrant was executed at 342 Forest Avenue, Brockton, Massachusetts. The search resulted in the seizure of quantities of cocaine and other items as well as $4,450.00 in cash. Burgo was present on the premises and was arrested.
On April 11, 1994, Burgo was indicted by the Plymouth County Grand Jury. On July 18, 1994, the Commonwealth commenced a civil forfeiture action pursuant to G.L.c. 94C, §47(a)(5) against the monies seized. Burgo defaulted, and on September 28, 1994, the Plymouth County Superior Court (Carey, J.) entered a judgment of forfeiture in the amount of $4,450.00.
Burgo now maintains that the criminal prosecution violates the constitutional prohibition against double jeopardy.
DISCUSSION
The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction: and (3) multiple punishments for the same offense when sought in separate proceedings.[1] U.S. v. Halper, 490 U.S. 435, 440 (1989). It is the latter of these protections that is at issue in this case.
In order to determine whether a criminal prosecution following a civil forfeiture violates the prohibition against multiple punishments the court must consider: (1) whether civil forfeiture under the applicable statute constituted “punishment” for double jeopardy purposes: and (2) whether the criminal prosecution and civil forfeiture action were separate proceedings. See U.S. v. $405,089.23, 33 F.3d 1210, 1216 (9th Cir. 1994); State v. Savard, 659 A.2d 1265, 1265-67 (Me., June 6, 1995). The criminal prosecution will violate the double jeopardy clause only if both questions are answered in the affirmative. U.S. v. $405,089.23, supra. Resolution of the first question is dispositive in this case.
The issue of whether an action brought to impose a forfeiture of proceeds from unlawful drug sales is essentially punitive or remedial in nature was recently addressed by the Supreme Judicial Court in Common-wealthv. $14,200.00, 421 Mass 1 (1995). In that case, the Court, with a dissent by the Chief Justice, held that actions to recover proceeds of illegal drug sales or funds intended to be used to purchase illicit drugs are remedial not punitive in nature. Id. at 6-7. Forfeiture actions in these cases are either “preventive, or designed to recover illegally obtained funds, or both.” Id. at 7. In so holding, the Court distinguished an earlier decision, Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198 (1982), involving the forfeiture of a *192 motor vehicle used in the unlawful distribution of controlled substances. The Court reasoned that forfeiture of a common vehicle is unlike forfeiture of contraband itself or special instruments tailored to the commission of crimes. Commonwealth v. $14,200.00, supra at 6. Where the forfeiture of mass-produced objects such as motor vehicles are involved, “the element of punishment certainly becomes dominant, and the preventative quality of forfeiture becomes insignificant, and often nonexistent. . .” Id. In contrast, “the forfeiture of proceeds from illegal drug sales is more closely akin to the seizure of the proceeds from [a] robbery . . . than the seizure of lawfully derived . . . property.” Id. at 7, quoting U.S. v. Tilley, 18 F.3d 295, 300 (5th Cir. 1994). When property taken by the government is derived from illegal activities, “the forfeiting party loses nothing to which the law ever entitled him.” Id.
In the instant case, Burgo did not contest the forfeiture of the $4,450.00 as proceeds from illegal drug sales. As a consequence, the Commonwealth obtained a default judgment.[2] The forfeiture of proceeds from illegal drug sales is remedial in nature and does not constitute “punishment." Therefore, the continued criminal prosecution following the civil forfeiture does not violate the constitutional prohibition against double jeopardy.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss DENIED.

The double jeopardy clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.” The guarantee against double jeopardy has long been recognized as part of Massachusetts statutory and common law. Commonwealth v. Woods, 414 Mass. 343, 346 (1993), cert. denied, 114 S.Ct. 65 (1993); G.L.c. 263, §7.

Burgb alleges that he did not receive notice of the forfeiture proceeding. However, it appears that the Commonwealth complied with all notice requirements. Furthermore, the Court is unaware of any effort on Burgo’s part to vacate the default judgment. To the contrary, he argues its double jeopardy effect.