Hinkle, J.
Defendant Jose Garcia moves to dismiss his indictments on the grounds that this criminal prosecution violates the constitutional prohibition against double jeopardy. Defendant contends that an earlier civil proceeding against him in which $11,009.00 was forfeited constitutes punishment, and that any subsequent criminal prosecution therefore constitutes double jeopardy. For the reasons set forth below, defendant’s motion to dismiss is denied.
*570 BACKGROUND
On August 27, 1992 police executed a search warrant at defendant’s residence. The police seized $11,009.00 in cash from a secret compartment, 140 bags containing 202.5 grams of cocaine, one .357 Magnum revolver, 30 rounds of .357 ammunition, two chairs with secret compartments, personal paperwork in defendant’s name, one crib sheet with numerical notations and one green pointed tool. At the time of execution of the warrant, defendant already had a pending drug case. He had been arrested and charged on July 9, 1992 with possession of 13 bags of cocaine with intent to distribute.
On April 22, 1993 the Commonwealth filed an in rem action against the defendant in Superior Court (Civil Action 92-02751) seeking forfeiture of the $11,009.00. Defendant was served with both the complaint and the amended complaint, but he did not file an answer or appear in any fashion. The nonappearance of the defendant in the civil proceeding means that the Commonwealth could have moved for a default judgment. Instead, the Commonwealth moved for summary judgment, arguing, as pled in the complaint, that defendant should forfeit the $11,009.00 because those funds were related to the sale of cocaine. On April 22, 1992 this Court (Butler, J.) allowed the summary judgment motion. Her ruling states: There being no genuine issue of material fact the motion for summary judgment is allowed." From her ruling, I conclude that the facts as pled by the Commonwealth were found to be true.
On April 24, 1994 defendant was indicted in this action for trafficking in cocaine, trafficking in cocaine within a school zone, unlawful possession of a firearm and unlawful possession of ammunition.
DISCUSSION
The double jeopardy clause[1] protects criminal defendants against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. Mahoney v. Commonwealth, 415 Mass. 278, 283 (1993). The issue here is whether a criminal trial following a civil asset forfeiture proceeding constitutes double jeopardy, i.e., multiple punishments for the same offense. In determining whether separate criminal and civil forfeiture proceedings violate the double jeopardy clause, courts focus on (1) whether civil forfeiture under the applicable statute constitutes punishment; and (2) whether the civil forfeiture and criminal prosecution were separate proceedings. See, e.g., United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1216 (9th Cir. 1994); People v. Towns, 646 N.E.2d 1366, 1368 (Ill.App. 1995). In this case there is no question about the second part of that standard since the proceedings were clearly distinct.
Both the United States Supreme Court and the Supreme Judicial Court have recognized that civil forfeiture may constitute a form of punishment. See Dept. of Revenue of Montana v. Kurth Ranch, 114 S.Ct 1937, 1948 (1994); Austin v. United States, 113 S.Ct 2801, 2810 (1993); United States v. Halper. 490 U.S. 435, 448 (1989); Commonwealth v. One 1977 Chevrolet Van, 385 Mass. 198, 201 (1982). However, the Supreme Judicial Court has recently held that the forfeiture of proceeds from unlawful drug sales is not punitive in nature, but rather remedial or preventive where intended to recover illegally obtained funds or prevent purchase of illicit drugs. Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass 1, 7 (1995).
Here, the forfeited funds were linked to illegal drug sales in the amended complaint and the summary judgment pleadings. As stated above, Justice Butler constructively found those facts to be true. Therefore, I conclude that the civil forfeiture was not punitive, but remedial. Accordingly, no punishment occurred, and thus no double jeopardy.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is DENIED.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides: “[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.” The double jeopardy clause is applicable to the states through the Fourteenth Amendment to the United States Constitution, Grady v. Corbin, 495 U.S. 508, 510 n.l (1990), and has been recognized as part of Massachusetts common and statutory laws, Commonwealth v. Woods, 414 Mass. 343, 346 (1993); G.L.c. 263, §7.