Garsh, J.
Defendant David Almanzar (“Almanzar”) moves to dismiss his indictments on the grounds that this criminal prosecution violates the constitutional prohibition against double jeopardy. Almanzar contends that the earlier civil proceeding against him in which $3964.00 was forfeited and the institution of a civil forfeiture proceeding with respect to a vehicle constitute punishment, and that any subsequent criminal punishment therefore violates his rights against double jeopardy. For the reasons set forth below, Almanzar’s motion to dismiss is denied.
BACKGROUND
On March 8, 1995, police executed a search warrant at two residences. The search resulted in the seizure of quantities of cocaine, $3964.00 in cash, a 1991 blue Nissan Pathfinder and other items.
On March 29, 1995, Almanzar was indicted by the Essex Grand Jury. On May 12, 1995, the Commonwealth commenced a civil forfeiture action pursuant to G.L.c. 94C, §47(d) against the money seized. Certified mail service of the complaint upon Almanzar was accepted at the Middleton Jail. The Commonwealth moved for summary judgment arguing that the funds were related to the sale of cocaine. Almanzar filed no appearance in the forfeiture proceeding, asserted no interest in the currency, and neither disputed any of the facts alleged by the Commonwealth nor sought a stay of the forfeiture proceeding. On October 3, 1995, this court (Grabau, J.) allowed the Commonwealth’s motion for summary judgment, stating, “... the Court find[s] that there is no genuine issue as to material fact, and the plaintiff Commonwealth of Massachusetts is entitled to judgment as a matter of law.” From his ruling, I conclude that the facts as alleged by the Commonwealth were found to be true. Judgment of forfeiture was entered in the amount of $3964.00.
On October 5, 1995, the Commonwealth initiated a civil forfeiture action with respect to the vehicle. The Commonwealth alleges the vehicle was used or intended for use in delivery or distribution of controlled substances, and/or was purchased with proceeds from the sale of controlled substances. Again, certified mail service was accepted at the Middleton Jail. Al-manzar has not filed an answer in that action; he has not asserted an interest in the vehicle, and has not sought a stay of the proceeding. The Commonwealth *710 has not moved for summary judgment in the vehicle forfeiture action. No judgment has been entered.
DISCUSSION
The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. U.S. v. Halper, 490 U.S. 435, 440 (1989); Mahoney v. Commonwealth, 415 Mass. 278, 283 (1993).
In order to determine whether a criminal prosecution following a civil forfeiture violates the prohibition against multiple punishments, the court must consider: (1) whether civil forfeiture under the applicable statute constituted “punishment” for double jeopardy purposes; and (2) whether the criminal prosecution and civil forfeiture action were separate proceedings. See U.S. v. $405,089.23, 33 F.3d 1210, 1216 (9th Cir. 1994) cert. granted S.Ct., 1996 WL 12801, 64 U.S.L.W. 3477, 64 U.S.L.W. (U.S., Jan. 12, 1996) (No. 95-345, 95-346). A criminal prosecution violates the double jeopardy clause only if both questions are answered in the affirmative. Id.
Both the United States Supreme Court and the Supreme Judicial Court have recognized that, under certain circumstance, civil forfeiture may constitute a form of punishment. See Dept. of Revenue v. Kurth Ranch, 114 S.Ct. 1937, 1948 (1994); Austin v. United States, 113 S.Ct. 2801, 2810 (1993); United States v. Halper, 490 U.S. 435, 448 (1989); Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198 (1982). However, civil actions to recover proceeds of illegal drug sales or funds intended to be used to purchase illicit drugs are remedial and not punitive in nature. Commonwealth v. $14,200.00, 421 Mass. 1, 6-7 (1995). Forfeiture actions in these cases are either “preventative, or designed to recover illegally obtained funds, or both.” Id. at 7. Accordingly, given the summary judgment ruling, the currency forfeiture at issue was remedial in nature and does not constitute “punishment.” Id. [1]
With respect to the forfeiture proceeding involving the vehicle, no judgment of forfeiture has been obtained. A conviction in a criminal proceeding obtained after the beginning of a civil forfeiture action, but before final judgment of forfeiture is entered, does not violate the defendant’s right against double jeopardy. U.S. v. Stanwood, 872 F.Supp. 791, 798 (D. Or. 1994). The “government’s seizure of property at the outset of a civil forfeiture action does not constitute punishment for double jeopardy purposes.” Id. At the very least where, as here, the civil proceeding has not reached the adjudicative hearing stage or a settlement, jeopardy has not attached. U.S. v. McDermott, 64 F.3d 1448, 1455 (10th Cir. 1995) petition for cert. filed, U.S.L.W. (U.S. Nov. 6, 1995) (No. 95-6653). Jeopardy also has not attached in this criminal proceeding. Crist v. Bretz, 437 U.S. 28, 32-36 (1978). Should jeopardy be deemed to attach merely by the filing of a civil forfeiture action, and if, on the facts of such an action, a forfeiture in those circumstances would be punitive, a defendant would be able to elect forfeiture in lieu of going to prison. The Constitution does not require defendants be given that choice. After jeopardy attaches in this proceeding, if the Commonwealth moves forward with the. vehicle forfeiture action, Almanzar may raise a double jeopardy claim in that proceeding.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Almanzar’s motion to dismiss is DENIED.

See also Commonwealth v. Albano, Criminal No. 94-2040 (Middlesex Super. Ct. September 1, 1995); Commonwealth v. Garcia, Criminal No. 95-0279, 4 Mass. L. Rptr. 569 (Worcester Superior Ct. August 24, 1995); Commonwealth v. Burgo, 4 Mass. L. Rptr. No. 10, 191 (October 16, 1995).