After pleading guilty to unarmed robbery and witness intimidation, the defendant filed a motion for return of property that was seized from his home during the execution of a search warrant. That motion was denied, renewed by the defendant, and denied again. He appeals the denial of his renewed motion. We affirm.
Police investigation into a fatal shooting at a clothing store in Dorchester implicated the defendant in a previous crime. On January 4, 2011, a gunman killed a worker at a clothing store in Dorchester. In investigating the murder, police became aware of a kidnapping and robbery that had taken place involving the store, the defendant, and his codefendant on December 20 and 24, 2010, respectively.
On December 20, the proprietor of the store received a call from a friend who told him that he had been kidnapped and was being held for $30,000 in ransom. The kidnappers instructed the proprietor to leave the money in the car of his friend who had been kidnapped. He complied, but left only $25,000. The defendant and codefendant went to the clothing store four days later and told the proprietor that, since they had asked for $30,000 and received only $25,000, they were going to take the rest in merchandise. They threatened the proprietor not to report the kidnapping or the robbery to police, and he complied.
The defendant and codefendant were identified as the robbers from December 24 through a number of ways, including by the store's surveillance system. They were both arrested and police executed search warrants on each of their homes. While searching the defendant's house, police found several of the items that had been taken from the clothing store and $11,200 in cash. The cash was found inside a shoe in a storage room at the defendant's house, and both the defendant and his sister claim that the money belongs to his sister.[2]
The defendant filed his motion for return of the seized property in May of 2015, more than four years after it was initially seized. Under rule 61 of the Rules of Superior Court (1980), a motion for return of property "shall be filed within seven days after the date set for the filing of the pre-trial conference report pursuant to Mass. R. Crim. P. 11(a)(2), or at such other time as the court may allow." Further, while "[t]here is authority for the proposition that the defendant's possession of the property in question constitutes prima facie evidence of his right to it," the defendant provides no support for his claims that the property and funds lawfully belonged to him and his sister. Commonwealth v. Gildea, 17 Mass. App. Ct. 177, 181 (1983). The property sought was appropriately seized pursuant to a search warrant and were the fruits of the kidnapping and robbery. Accordingly, the defendant's initial motion for return of property was not timely and therefore properly denied, and even if it had been timely filed, the judge would have been justified in denying his motion. See ibid. ("We do not think it the least bit unreasonable to deny the defendant any evidentiary benefit ... where he commingled [property] with like articles which he admitted were stolen").
We discern no error.
Order denying renewed motion for return of property affirmed.

The defendant is not entitled to property that is not his. We still address the issue below, but pause to note that the result would be the same even if the defendant's sister had been party to the motion and present appeal.