COMMONWEALTH *vs.* ONE THOUSAND THREE HUNDRED AND FORTY DOLLARS. July 12, 1983. *Practice, Civil*, Appeal, Forfeiture proceeding, Findings by judge. *Forfeiture Proceeding.*

On August 12, 1980, Springfield police officers arrested Woodrow Hubbard on drug charges and seized $1,340 from his person. After he was found guilty in the Springfield District Court on a complaint that charged conspiracy to possess marihuana with intent to distribute, the Commonwealth brought a petition under G. L. c. 94C, § 47(*d*). A Probate Court judge, sitting by designation in the Superior Court, ruled that the seized money "was used or was intended for use as specified in G. L. c. 94C, § 47(*a*)(5), or [was] the proceeds of sales of controlled substances as stated therein," and ordered the entire sum to be forfeited to the Commonwealth. Proceedings under the statute are civil in nature. *Commonwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 775 (1981). See *Commonwealth* v. *One 1972 Chevrolet Van*, 385 Mass. 198, 203 (1982). No judgment was entered as required by Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977), and therefore we must dismiss the appeal. *Tisei* v. *Building Inspector of Marlborough*, 5 Mass. App. Ct. 328, 330 (1977). *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, 15 Mass. App. Ct. 553, 555 (1983). Because, however, the case has been fully briefed and argued, we state our views in this matter. *Harrow* v. *Board of Appeals of Pittsfield*, 7 Mass. App. Ct. 937 (1979). By the terms of § 47(*d*) (as appearing in St. 1977, c. 556, § 3), the judge is required to "make findings of fact and enter conclusions of law." The one finding of fact made by the judge stated that "[a]t the time of his arrest, Hubbard had been observed receiving cash from two co-defendants who had just transacted sales of [marihuana]." That finding, although not clearly erroneous, is inadequate to support the judge's order that the *entire* sum seized from the defendant is to be forfeited to the Commonwealth. Since no judgment has been entered, either party may move in the Superior Court for reconsideration of the order for judgment. *Harrow, supra* at 937. In that connection, the judge may receive further evidence, or make further findings based on the evidence he has already heard.

*Appeal dismissed.*

*Alan M. Katz* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.