## COMMONWEALTH *vs.* SEVEN THOUSAND TWO HUNDRED FORTY-SIX DOLLARS.

Hampden. January 3, 1989. — May 1, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Forfeiture Proceeding. Practice, Civil*, Forfeiture proceeding. *Controlled Substances.*

Where the evidence presented on behalf of the Commonwealth in a forfeiture proceeding under G. L. c. 94C, § 47, was insufficient to support an inference that monies seized in the claimants' house were proceeds of marihuana sales, the claimants' motion for a directed verdict should have been allowed. [765-766]

CIVIL ACTION commenced in the Superior Court Department April 22, 1981.

The case was tried before *Eileen P. Griffin*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John M. Thompson* for the claimants.

*John T. McDonough*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. This is a civil action under G. L. c. 94C, § 47 (*d*) (1986 ed.), commenced by the Commonwealth, for forfeiture of $7,246, as proceeds of marihuana sales. Claimants David and Christine Nissenbaum appeal from a judgment that $3,896.02 was subject to forfeiture, and from denial of motions for a directed verdict and for judgment notwithstanding the verdict.[1] We transferred the case to this court on our own

---

[1] Claimants also allege error in (1) the judge's failure to exclude the defendant monies from admission at trial on ground that the affidavit in support of the search warrant did not establish probable cause to believe that proceeds from marihuana sales would be found in the Nissenbaum home; and (2) the admission of testimony by two police officers, on the subject of how much marihuana a person might have for personal use,

motion and now reverse the judge's order denying claimants' motion for a directed verdict.

The underlying facts are based on events of March 20, 1981, when a group of ten Federal, State, and local agents went to the Nissenbaum residence in Monson to execute a Federal arrest warrant, originating in Maine, for David Nissenbaum. The officers arrested David Nissenbaum in the driveway and accompanied him into the house while he telephoned an attorney. Near the telephone, the police observed a bag of marihuana. They then arrested Christine Nissenbaum, seized and secured the house, and obtained a search warrant. Upon searching the house pursuant to the warrant, the officers seized approximately 103 pounds of marihuana, most of it in large bags of twenty-five to forty pounds each. The money, in various denominations of one dollar to one hundred dollars, was found in six separate lots in various locations throughout the house: an office, an upstairs bathroom closet, two different bedrooms and in Christine Nissenbaum's purse in a kitchen cupboard. The agents seized all the money in the house, regardless of its proximity to the marihuana found.

Agents of the Drug Enforcement Administration (DEA) testified at trial that in investigating the Nissenbaums for a period of six months to a year — an investigation which included aerial photographic surveillance of the premises — none of the officers had observed either of the Nissenbaums purchase or sell marihuana. Nor was any of the money seized identifiable as having been provided by agents in a controlled purchase. Christine Nissenbaum testified that the entire amount of marihuana seized was for their personal use for smoking, cooking, making tea and tinctures, and use in religious ceremonies of the Ethiopian Zion Coptic Church, of which David is a priest.[2] She further testified that most of the money had been given to them by the church for payment of legal fees and real estate taxes. After trial, the jury, responding to questions on

which the claimants contend was outside the scope of the officers' expertise. Since we reverse the order denying the motion for a directed verdict, we need not address these two issues.

[2] See *Commonwealth* v. *Nissenbaum*, *ante* 575 (1989).

a special verdict form, found that $3,896.02 of the money was subject to forfeiture.

Under G. L. c. 94C, § 47, money may be subject to forfeiture where it is "used, or intended for use, in the procurement, manufacture, compounding, processing, delivery, or distribution of any controlled substance" or where it is "the proceeds of any sale of any controlled substance." § 47 (*a*) (5). In any civil forfeiture proceeding, "the commonwealth shall have the burden of proving all material facts by a preponderance of the evidence." § 47 (*d*). We agree with the claimants that the evidence presented could not support a forfeiture order under the statute.

Upon a motion for directed verdict, the judge should rule against the party having the burden of proof on the issue where there is insufficient evidence from which a jury could draw a rational inference based on probabilities rather than on mere possibilities or speculation. *Alholm* v. *Wareham*, 371 Mass. 621, 627 (1976), and cases cited. See *Spano* v. *Wilson Tisdale Co.*, 361 Mass. 209, 212 (1972). In order to establish that money found on the same premises as controlled substances is subject to forfeiture, it is clear that *some* demonstrable nexus must be shown between drugs and the money or property seized. Where drugs, paraphernalia, and money were seized at a defendant's restaurant pursuant to a search warrant, we observed that "[t]hese facts alone would not warrant a finding that the seized funds were subject to forfeiture." *Commonwealth* v. *Goldman*, 398 Mass. 201, 204 n.4 (1986). Similarly, upon challenge of an order that an automobile be forfeited as a conveyance used to facilitate the unlawful manufacture or distribution of controlled substances, we held that "the mere personal possession of a controlled substance by one traveling in a vehicle would not constitute sufficient grounds under the statute for the forfeiture of the vehicle." *Commonwealth* v. *One 1969 Mercedes-Benz Automobile*, 375 Mass. 663, 667 (1978). See *Commonwealth* v. *One Thousand Three Hundred & Forty Dollars*, 16 Mass. App. Ct. 950 (1983) (although at the time of his arrest defendant was observed receiving money from two codefendants who had just transacted drug sales, that

fact was inadequate to support order that the entire sum seized from defendant was subject to forfeiture).

In the case before us, the Commonwealth presented no evidence that the Nissenbaums had been involved in selling marihuana or were conducting an ongoing drug business. No ledger books, packaging materials, or safety deposit box keys were found in the thorough search of the Nissenbaum residence. No sales of marihuana had been observed by the investigating officers and no controlled purchases had been arranged so that there would be identifiable funds among the monies seized. Cf. *In re Two Hundred Seven Thousand Five Hundred Twenty-Three Dollars & Forty Six Cents*, 130 N.H. 202 (1987) (where large quantity of money found in proximity to the drugs, along with records of drug transactions, implements used to prepare cocaine for sale, and books on money laundering, evidence was "more than adequate" to establish link to prohibited transactions); *Barron* v. *Texas*, 746 S.W.2d 528, 531-532 (Tex. Ct. App. 1988) (where money was found in locked safe next to methamphetamine, inside house containing methamphetamine laboratory in full operation, there was sufficient circumstantial evidence to find money was derived from illegal sales, but without more evidence of link between drug business and guns and electronic equipment, State failed to meet burden of proof to support forfeiture of personal property). Where the *only* evidence presented by the Commonwealth was based on conjecture and surmise about to what use the marihuana might be put, we conclude that this was insufficient to support the inference that the monies seized were proceeds of marihuana sales. In these circumstances, it was error to deny the claimants' motion for a directed verdict, and we therefore order that the judgment be vacated and that judgment for the claimants be entered as to the entire $7,246.

*So ordered.*