COMMONWEALTH vs. FOURTEEN THOUSAND TWO HUNDRED
DOLLARS.

No. 92-P-1625.

Hampden. April 5, 1994. - August 16, 1994.

Present: PERRETTA, KASS, & PORADA, JJ.

Further appellate review granted, 418 Mass. 1110 (1994).

*Forfeiture Proceeding. Practice, Civil,* Forfeiture proceeding. *Controlled Substances. Evidence,* Hearsay.

In a civil action in which the Commonwealth sought an order of forfeiture
    under G. L. c. 94C, § 47 (*d*), the judge incorrectly admitted certain
    hearsay evidence, and the remaining evidence was insufficient to meet
    the Commonwealth's burden of proof under the statute: the claimant's
    motion for a directed verdict should have been allowed. [161-163]

CIVIL ACTION commenced in the Superior Court Department on May 4, 1988.

The case was heard by *William W. Simons,* J.

*James M. Smith* for the claimant.

*Jill K. Ziter* (*Judy Zeprun Kalman,* Assistant District Attorney, with her) for the Commonwealth.

PERRETTA, J. This civil action, seeking an order of forfeiture under G. L. c. 94C, § 47(*d*), was commenced in 1988. At that time the statute required the Commonwealth to prove "all material facts by a preponderance of the evidence." The statute was amended by St. 1989, c. 653, § 79, to provide that the "[C]ommonwealth shall have the burden of proving to the court the existence of probable cause to institute the action. . . ." After trial in 1991, a Superior Court judge concluded that the Commonwealth had sustained its burden of showing that the claimant's "funds probably were obtained as a result of sales or distributions of cocaine" and that the money "was going to be used again in connection with a felony narcotics transaction." He ordered

the funds forfeited to the Commonwealth. The claimant, Romualdo Reyes, Jr., argues on appeal that the trial judge's determination is based upon inadmissible hearsay evidence and an erroneous measure of proof, that is, probable cause rather than preponderance of the evidence. Concluding that the Commonwealth's proof to support the determination that the funds seized were subject to forfeiture was inadequate under either standard, we vacate the judgment.

1. *The evidence.*[1] Springfield police officer Dennis O'Connor testified that on the afternoon of April 6, 1988, he stopped a 1982 Datsun automobile being driven by Pedro Negron, Jr. O'Connor had no memory of there being a passenger in the car. He cited Negron for driving an unregistered automobile and then called Roy's Towing Company (Roy's), requesting that the car be towed to a storage lot. Although alone at the time of the stop, O'Connor was joined by another officer, Kevin Ambrose, who arrived before the car was towed. Because O'Connor and Ambrose each believed that the other had conducted an inventory, neither searched the car before it was towed away by Roy's.

Carlo Damato, a member of the Springfield police department narcotics unit testified that on April 6, 1988, he was called to Roy's tow yard. Upon his arrival, he had a conversation with an employee. Over the claimant's objection, Damato was allowed to testify that the employee told him that he had found a plastic bag containing a large amount of money, a small amount of cocaine, and one marihuana cigarette under the front seat of a 1982 Datsun that had been towed to the lot. Damato testified that he inspected the bag and found the money "packaged in increments of $100, in thousand dollar packets," in denominations of "twenties, fifties and one hundred dollar bills," in a total of $14,200. The cocaine was ultimately determined to weigh 1.24 grams.

---

[1] Although a forfeiture proceeding is a civil action, the claimant did not include the transcript in his record appendix. Because both he and the Commonwealth relied upon the transcript in their briefs, we assumed that they erroneously believed it would be provided to us in the same manner as in a criminal case. For the reasons set out in *Menard* v. *McCarthy*, 410 Mass. 125, 129 (1991), we called for the transcript.

Because of his training and experience, Damato found it significant that the money and the cocaine were in the same bag and that the bag was tucked under the front seat of the car. He was allowed to opine that the "money found in that particular vehicle was the proceeds from the sales and distribution of cocaine and also the money that would be used to buy further cocaine for sale and distribution on the street." Damato also related that, when he interviewed Negron, Negron admitted to possession of the cocaine but denied ownership of or knowledge about the money.[2]

2. *Sufficiency of the evidence.* Because it appears that the Commonwealth neither objected to the claimant's motion to intervene nor disputes that he is the owner of the money, the only question before us is whether the evidence was sufficient to support the conclusion that the seized money was used or intended for use in drug transactions. See G. L. c. 94C, § 47(*a*)(5).

If strict rules of evidence are applicable in a civil action in the nature of an equitable in rem proceeding, see Liacos, Massachusetts Evidence § 1.2, at 3-4 (6th ed. 1994), the Commonwealth's proof is inadequate as the claimant's objections to the hearsay statements of the employee should have been sustained. On the other hand, if hearsay that is not the subject of an exception to the rule against its use may be utilized in forfeiture proceedings without offense to due process guarantees, it would be only where that hearsay bears the indicia of trustworthiness and the trial judge specifically finds good cause for not requiring confrontation. Cf. *Commonwealth* v. *Durling*, 407 Mass. 108 (1990); *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930 (1994).[3] Because

---

[2]We need not consider the evidence presented by the claimant, who intervened in this action three months after the Commonwealth filed its complaint, because the trial judge found it "to be incredible and unworthy of belief." Briefly described, that evidence, including the claimant's testimony, was to the effect that on April 6, 1988, he had borrowed $10,000 for a real estate transaction. He was on the way to the bank with that money, as well as $4,200 of his own, when Negron offered him a ride. He got into the car and put the money in a rear glove compartment.

[3]Inadmissible hearsay may be used in Federal forfeiture proceedings. See *United States* v. *$5,644,540 in U.S. Currency*, 799 F.2d 1357, 1362

we conclude that the hearsay had none of the circumstantial guarantees of trustworthiness and that good cause for denying the claimant the right to cross-examine the employee was not shown, we need not consider whether the rules of evidence must be strictly applied in forfeiture proceedings.

In concluding that the hearsay was reliable, the trial judge relied upon the fact that the towing company employee's statements had been set out in an affidavit signed by Officer Damato and that the affidavit provided the basis for an order to secure and hold the money pending trial on the Commonwealth's complaint. The secure and hold order was, however, of a preliminary nature and not intended to deprive the claimant of his property permanently. Further, it appears from the docket entries that there was no one to challenge the affidavit: Pedro Negron had denied to Damato that he had any interest in or information about the money, and the claimant, even were the Commonwealth aware of his existence at that time, had yet to seek to intervene. Moreover, the only difference between the contents of Damato's affidavit and his testimony at trial is that the employee is identified in the affidavit. Even had the affidavit been offered in evidence at trial, the otherwise inadmissible statements were not made inherently reliable by the mere fact of the employee's identity. See *Brown, petitioner,* 395 Mass. 1006, 1007 (1985); *Commonwealth* v. *Delaney,* 36 Mass. App. Ct. at 932.

Because the trial judge, in ruling upon the admissibility of the hearsay statements, was aware of the contents of the affidavit, he was also aware of the fact that the employee's identity was known. The trial judge did not require confrontation of the employee by the claimant on the following basis: "The passage of time, the use[less]ness of searching out, finding the attendant at Roy's Towing, is such that I think it's ap-

---

(9th Cir. 1986) ("The government's showing of probable cause and the resulting civil forfeiture may be based on otherwise inadmissible hearsay"). It should be noted, however, that Massachusetts courts do not "recognize the innominate exception to the hearsay rule as does Fed. R. Evid. 803(24)." *Commonwealth* v. *Costello,* 411 Mass. 371, 377 (1991).

propriate and reasonable to assume that there is no other reasonable way of proving these matters." This finding is lacking in evidentiary support. There is nothing in the record to show that the employee was no longer employed at Roy's, or that his whereabouts were unknown, or that the Commonwealth even attempted to locate him at the time of trial, or that, for any reason, he was unavailable as a witness.

Because we conclude that neither condition of admissibility of the hearsay was met, we also conclude that the Commonwealth's evidence was insufficient to show the "existence of probable cause to institute the action." G. L. c. 94C, § 47(*d*), as amended by St. 1989, c. 653, § 79. As the evidence was inadequate for the lesser showing claimed by the Commonwealth to be applicable, it follows that the Commonwealth also failed to meet the heavier burden cited by the claimant, a preponderance of the evidence. It was, therefore, error under either standard to deny the claimant's motion for a directed verdict. See *Commonwealth v. Seven Thousand Two Hundred Forty-six Dollars*, 404 Mass. 763, 765-766 (1989).

The judgment is vacated. The matter is remanded to the Superior Court for entry of a judgment for the claimant for the seized and held currency in the amount of $14,200.

*So ordered.*