# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

COMMONWEALTH *vs.* FOURTEEN THOUSAND TWO
HUNDRED DOLLARS.

Hampden. March 7, 1995. - July 27, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Forfeiture Proceeding. Practice, Civil,* Forfeiture proceeding, Burden of
proof. *Controlled Substances. Evidence,* Hearsay, State of mind. *Stat-
ute,* Retroactive statute. *Constitutional Law,* Ex post facto law. *Proba-
ble Cause.*

At the trial of a forfeiture action, certain out-of-court statements of a per-
son who did not testify at the proceeding were admissible as relevant to
demonstrate a police officer's state of mind in instituting the action and
the statements were not improperly admitted for their truth in violation
of the hearsay rule. [4-5] LIACOS, C.J., dissenting.
A civil action brought under G. L. c. 94C, § 47 (*d*), seeking forfeiture of
proceeds from unlawful drug sales, was not punitive in nature, but
rather was remedial or preventive, where it was shown to be intended to
recover illegally obtained funds or to prevent purchases of illicit drugs;
accordingly, the amendment to that statute, effected by St. 1989,
c. 653, § 79, setting forth a lesser standard of proof for the Common-
wealth in such forfeiture proceedings, did not constitute an ex post

facto law at the 1991 trial of a forfeiture action which had been brought in 1988, prior to the effective date of the amendment. [5-7] LIACOS, C.J., dissenting.

Discussion of the nature of the Commonwealth's burden of proof in a forfeiture proceeding brought under G. L. c. 94C, § 47 (*d*). [7-9]

In a forfeiture action, the Commonwealth carried its burden of establishing that there was probable cause to institute the forfeiture proceeding and the claimant did not carry his burden of proving his entitlement to the money in question, that is, that it was not forfeitable. [4, 9] LIACOS, C.J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on May 4, 1988.

The case was heard by *William W. Simons*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Judy Zeprun Kalman*, Assistant District Attorney, for the Commonwealth.

*James Mitchell Smith* for the claimant.

O'CONNOR, J. The Commonwealth brought this action in 1988 under G. L. c. 94C, § 47 (*d*) (1988 ed.), seeking forfeiture of $14,200 alleged to have been "used, or . . . intended to be used in the procurement, manufacturing, compounding, processing, delivery or distribution of" a controlled substance or to have been "the proceeds of a sale of a controlled substance." In 1988, G. L. c. 94C, § 47 (*d*), required the Commonwealth to prove "all material facts [supporting forfeiture] by a preponderance of the evidence." The statute was revised by St. 1989, c. 653, § 79, to provide that the "[C]ommonwealth shall have the burden of proving to the court the existence of probable cause to institute the action, and any . . . claimant shall then have the burden of proving that the property is not forfeitable." The case was tried in 1991. In a memorandum of decision, the trial judge stated, "Before trial commenced, claimant presented an argument that the plaintiff should be required to establish the forfeitability of defendant property [the $14,200] by a preponderance of the evidence, as required by the version of [§ 47 (*d*)]

in effect when this lawsuit was commenced. Plaintiff opposed this motion, claiming that it was required to establish merely probable cause that the property was subject to forfeiture — the standard established by the 1989 amendments to [§ 47 (*d*)]. [G. L. c. 94C, § 47 (*d*), as appearing in St. 1989, c. 653, § 79]. I rejected claimant's argument." The judge reasoned that "[t]he change in the burden of proof was procedural in nature and did not affect claimant's substantive rights." The judge concluded that the plaintiff "ha[d] satisfied its burden of proof."

The claimant, Romualdo Reyes, Jr., appealed, and the Appeals Court determined "that the Commonwealth's proof to support the determination that the funds seized were subject to forfeiture was inadequate under either standard" and vacated the judgment. *Commonwealth v. Fourteen Thousand Two Hundred Dollars*, 37 Mass. App. Ct. 159, 160 (1994). We granted the Commonwealth's application for further appellate review. We affirm the judgment entered in the Superior Court.

The judge found the following facts. On April 6, 1988, members of the Springfield police department stopped a 1982 Datsun automobile driven by Pedro Negron, Jr. The vehicle was not properly registered and the police called Roy's Towing Company (Roy's) to tow it to a storage lot. The police did not conduct a search of the vehicle before it was towed. Later that day, Officer Carlo Damato of the Springfield police received a call from an employee of Roy's. Damato then went to the storage lot, where the employee spoke to him and gave him a plastic bag containing slightly more than one gram of cocaine, one marihuana cigarette, and $14,200 segregated in $1,000 bundles.

In addition, the judge found that the employee had found the plastic bag containing the drugs and money under the operator's seat of the Datsun. The employee did not testify. The judge's finding was based on Damato's testimony that the employee had given Damato that information. Damato's testimony concerning what the employee had told him was admitted over the claimant's objection that it was inadmis-

sible hearsay. Whether Damato's testimony about what the employee had told him was inadmissible hearsay is at issue in this appeal.

The claimant testified that the money was his, that it had been in a bag in a rear glove compartment, that it had been derived from a legitimate source, and that he intended to use the funds to purchase real estate. The judge rejected that testimony. He found as follows: "The quantity of cocaine seized from the Negron vehicle was not large enough for me to infer that the possessor intended to distribute it to others. I find, however, that the cocaine probably was a sample derived from a larger package. I also find that the [$14,200], *which was located immediately next to the cocaine*, was intended to be used to purchase a larger quantity of cocaine. I also find that the funds probably were obtained as a result of sales or distributions of cocaine, and that it was going to be used again in connection with a felony narcotics transaction. . . . Accordingly, I find that the [$14,200] is subject to forfeiture under section 47 (d) of chapter 94C" (emphasis added). It is clear that the judge found "the existence of probable cause to institute the action," as required by G. L. c. 94C, § 47 (*d*), as appearing in St. 1989, c. 653, § 79, thereby placing on the claimant the burden of proving that the $14,200 was not forfeitable. It is also clear that the claimant did not carry that burden.

If, as the claimant contends, the Commonwealth had the burden to prove by a fair preponderance of the evidence the nexus between the $14,200 and felonious drug activity, the Commonwealth's proof would have been legally insufficient. Officer Damato's testimony that the employee of Roy's had told him that the $14,200 was located with cocaine and marihuana in a plastic container stored under the Datsun's driver's seat would have been violative of our rule against hearsay and inadmissible to prove the truth of the employee's assertion. Without that testimony, the evidence was insufficient as matter of law to warrant a finding of the nexus between the $14,200 and drug activity which is necessary for forfeiture.

However, a different picture emerges if, as we conclude, the trial was governed by St. 1989, c. 653, § 79. Because the trial was governed by the statute as amended, Damato's testimony regarding the information that had been given him by the employee of Roy's was admissible, not to prove the truth of the out-of-court statement, but simply to prove Damato's state of mind and, in turn, the reasonableness of the Commonwealth's decision to institute the forfeiture action, that is, to prove "probable cause to institute the action." Since Damato's testimony about what Roy's employee had told him was offered only to prove that Damato was in receipt of that information, Damato's testimony did not violate our hearsay rule. *McNamara* v. *Honeyman*, 406 Mass. 43, 55 (1989). Indeed, it was not hearsay. P.J. Liacos, Massachusetts Evidence 438 (6th ed. 1994) ("An extrajudicial statement is not hearsay when offered to prove that the person to whom it was addressed had notice or knowledge of the contents of the statement"). *Id.* at 435 ("The hearsay rule forbids the admission in evidence of extrajudicial statements offered to prove the truth of the matters asserted in the statements"). *Id.* at 436 ("The word 'hearsay' does not embrace an extrajudicial statement offered to prove something other than the truth of the statement"). We return to this subject below after we set forth our reason for concluding that the amended version of G. L. c. 94C, § 47 (*d*) is applicable to this case.

We have held previously that "[i]t is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." *Hein-Werner Corp.* v. *Jackson Indus.*, 364 Mass. 523, 525 (1974), and cases cited. In general, therefore, application of a procedural statute retroactively is proper. The claimant argues, however, that the amendment in question has the effect of lessening the Commonwealth's burden of proof and that lessening the Commonwealth's burden of proof, even in a civil forfeiture proceeding, violates the prohibition against ex post facto laws

because the forfeiture is punitive in nature. We agree, for the reasons set forth below, that the amendment lessened the Commonwealth's burden of proof. We do not agree, however, that the forfeiture in this case is punitive in nature and violative of the prohibition against ex post facto laws. "The constitutional prohibitions against ex post facto laws . . . only apply to statutes which are penal in nature. *Doris* v. *Police [Comm'r] of Boston*, 374 Mass. 443, 450 (1978). See *Weaver* v. *Graham*, 450 U.S. 24, 29 (1981)." *Department of Revenue* v. *Roe*, 31 Mass. App. Ct. 924, 926 (1991).

We have not previously addressed the question whether an action that has been brought to impose a forfeiture of the proceeds from unlawful drug sales is essentially punitive or remedial in nature. In *Commonwealth* v. *One 1972 Chevrolet Van*, 385 Mass. 198 (1982), we concluded that a forfeiture proceeding involving a motor vehicle used in the unlawful distribution of a controlled substance was punitive in nature, with the result that the claimant was constitutionally entitled to a jury trial. *Id.* at 204. We recognized, however, that whether civil forfeiture proceedings should be considered punitive or remedial in nature depends on the circumstances. We reasoned: "Forfeiture of a common vehicle is unlike forfeiture of either (a) items, such as drugs which are the subject matter of the crime itself, or (b) items . . . which are special instruments tailored to the commission of crimes. . . . Where a mass-produced object as common as a motor vehicle is involved, the element of punishment certainly becomes dominant, and the preventative quality of forfeiture becomes relatively insignificant, and often non-existent, so as to make the forfeiture a deprivation of property within the meaning of art. 12 [of the Massachusetts Declaration of Rights]." *Id.* at 201-202.

The present case is significantly distinguishable from *One 1972 Chevrolet Van, supra*, in which for all that appeared, the property sought to be forfeited legitimately belonged to the claimant. The object of that forfeiture proceeding was punishment. Here, however, if the Commonwealth's action were to succeed, it could only do so by establishing that the

$14,200 was intended to be used to purchase illicit drugs or that the $14,200 constituted proceeds of illegal drug sales. Thus, the action was preventive, or designed to recover illegally obtained funds, or both. The action was remedial, not punitive, and therefore the judge correctly held that St. 1989, c. 653, § 79, governed the proceedings. The constitutional prohibition against ex post facto laws was not violated.

Our conclusion finds support in decisions reached by other courts. The following analysis from *United States* v. *Tilley*, 18 F.3d 295, 300 (5th Cir.), cert. denied, 115 S. Ct. 574, and cert. denied sub nom. *Anderson* v. *United States*, 115 S. Ct. 573 (1994), is germane:

> "The nature of the forfeiture proceeding may constitute punishment because it involves the extraction of lawfully derived property from the forfeiting party. . . . When, however, the property taken by the government was not derived from lawful activities, the forfeiting party loses nothing to which the law ever entitled him. . . . Thus, we believe the forfeiture of proceeds from illegal drug sales is more closely akin to the seizure of the proceeds from the robbery of a federal bank than the seizure of lawfully derived real property."

See *United States* v. *Alexander*, 32 F.3d 1231, 1236 (8th Cir. 1994) ("Forfeiture of proceeds cannot be considered punishment . . . as it simply parts the owner from the fruits of the criminal activity."); *District Attorney of Kings County* v. *Iadarola*, 164 Misc. 2d 204, 213 (N.Y. Sup. Ct. 1995) ("Taking away property in which a person has no possessory interest or no lawful ownership right is not punishment, but remedial"). See also *United States* v. *$5,644,540 in U.S. Currency*, 799 F.2d 1357 (9th Cir. 1986).

We turn now to a consideration of the extent of the Commonwealth's burden of proof under G. L. c. 94C, § 47 (*d*), as appearing in St. 1989, c. 653, § 79, which provides that the

"[C]ommonwealth shall have the burden of proving to the court the existence of probable cause to institute the action, and any . . . claimant shall then have the burden of proving that the property is not forfeitable."

"[Title] 21 U.S.C. § 881 (a) (6) provides that property exchanged for or intended to be exchanged for illegal controlled substances is subject to forfeiture to the United States. Section 881 (d) directs that the burden of proof in a forfeiture action is controlled by 19 U.S.C. § 1615. Under 19 U.S.C. § 1615, the government must initially show probable cause to believe that the property was connected with illegal drug transactions. To show probable cause, the government need only show a 'reasonable ground for belief of guilt; supported by less than prima facie proof but more than mere suspicion.' " (Footnotes omitted.) *United States* v. *$250,000 in U.S. Currency*, 808 F.2d 895, 897 (1987). See *United States* v. *$5,644,540 in U.S. Currency, supra* at 1363; *United States* v. *One 56-Foot Yacht Named Tahuna*, 702 F.2d 1276, 1281-1282 (9th Cir. 1983). General Laws c. 94C, § 47 (*d*), as amended by St. 1989, c. 653, § 79, virtually mirrors the Federal statutes and was enacted after those statutes were construed and applied by the Federal courts. It is reasonable to think that the Legislature revised § 47 (*d*), to achieve the result reached by the Federal statutes as construed by the Federal courts.

We have held that, at a probable cause hearing in a District Court to determine whether a criminal defendant should be held for trial, "the judge 'should view the proceeding as if it were a trial, and should find probable cause only if the Commonwealth has presented sufficient evidence to send the case to a jury.' " *Commonwealth* v. *Matthews*, 406 Mass. 380, 388 (1990), quoting *Commonwealth* v. *Ortiz*, 393 Mass. 523, 534 n.13 (1984). An out-of-court statement that would be inadmissible at trial would be inadmissible at a probable cause hearing also. *Myers* v. *Commonwealth*, 363 Mass. 843, 849 & n.6 (1973). On the other hand, to warrant an indictment the grand jury need only "hear sufficient evidence to establish the identity of the accused . . . and probable cause

to arrest him." *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). An indictment may be based solely on evidence of out-of-court statements. See *Commonwealth* v. *Gibson*, 368 Mass. 518, 522-525 (1975), and cases cited. Mass. R. Crim. P. 4 (c), 378 Mass. 849 (1979). "[A] requirement of sufficient evidence to establish the identity of the accused and probable cause to arrest him is considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 451 (1984).

It is appropriate that the Commonwealth's burden under G. L. c. 94C, § 47 (*d*), be similar to its burden in seeking an indictment and less than its burden at a probable cause hearing to determine whether someone should be held for trial. In the latter situation, since the Commonwealth will have the burden of proving all the essential elements of the crime charged at trial, it is right that, to hold a defendant for trial, the Commonwealth should have as a minimum that same quantum of proof. In the forfeiture situation, however, if the Commonwealth proves probable cause to proceed, in the form of sound reason to believe that the money-drug nexus exists, although the Commonwealth does not have sufficient evidence to prove its case at trial, the Commonwealth acts responsibly by instituting the action and leaving to a claimant the statutory burden of proving entitlement to the property at issue.

We conclude that the Commonwealth's evidence was sufficient to warrant the judge's determination that probable cause existed to institute the forfeiture proceeding. That result is fair and is achieved without doing violence to our traditional hearsay rule and without creating an exception to it. Therefore, the burden was on the claimant to prove that the $14,200 was not forfeitable. He failed to carry that burden.

*Judgment affirmed.*

LIACOS, C.J. (dissenting). Twelve years ago, this court stated in regard to forfeiture proceedings under G. L. c. 94C, § 47, that, "[f]orfeiture is punitive because it results in total loss of the property. But it is often also remedial, for . . . it restrains further illegal use of the forfeited item." (Footnote omitted.) *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198, 201 (1982). Going on to explain the matter the court stated: "[T]he forfeiture of a motor vehicle not particularly adapted for use in criminal activity . . . is unlike forfeiture of either (a) items, such as drugs, which are the subject matter of the crime itself, or (b) items, such as stills and certain burglary tools, which are special instruments tailored to the commission of crimes. The van here had no distinguishing quality that made it particularly suitable for use in committing crimes, and its ownership, possession, and use were not crimes themselves." *Id.*

One might think that the same is true of legal currency of the United States. Yet, the court today concludes as to retroactive application of the amendment to § 47C (see St. 1989, c. 653, § 79) that there is no violation of the prohibitions against ex post facto laws, which are found in arts. 12 and 24 of the Massachusetts Declaration of Rights, because these forfeiture proceedings are remedial and not punitive in nature. Cf. *Reale* v. *Superior Court,* 265 Mass. 135, 138-139 (1928). In my view, the position taken by the court is not persuasive. Hence, I cannot join in its opinion. Also, I cannot join in the conclusion of the court for two additional reasons. First, the opinion is grounded on an unsupported finding of the trial judge; second, given what the court says about the use of hearsay evidence, I do not believe the Commonwealth's burden of proof in forfeiture proceedings has been met. Accordingly, I dissent.

The court proceeds on the assumption that the claimant to the money, Romualdo Reyes, Jr., was not the legitimate owner of $14,200. This assumption is based on the trial judge's finding that "the funds probably were obtained as a result of sales or distributions of cocaine." Using circular logic, the court concludes that, since Reyes obtained the

money through illegal means, the forfeiture was not penal in nature. As the court frames the issue, then, this case turns on the nature of the $14,200, as is typical of forfeiture cases. See *Commonwealth* v. *One 1972 Chevrolet Van, supra.*

At the outset, we must determine which burden of proof the Commonwealth bears: the preponderance of the evidence standard under G. L. c. 94C, § 47, as it existed in 1988, or the probable cause standard under the 1989 revision. As Reyes argues and the court recognizes, the determination as to whether the lower "probable cause" standard under the 1989 amendment may be applied depends on whether the retroactive application of the 1989 revision would violate ex post facto prohibitions. At this point in the inquiry, the way the money was obtained by Reyes is the proper first inquiry, and the intended future use of the money at the time it was seized is not relevant.[1] See *One 1972 Chevrolet Van, supra* at 200-202. To determine whether ex post facto provisions apply here, see *Doris* v. *Police Comm'r of Boston,* 374 Mass. 443, 450 (1978), we must be concerned first with the source of the money (i.e., whether the money came to Reyes through legitimate means), because we must determine whether this forfeiture is punitive or remedial in nature.

If the $14,200 were proceeds from an illegal drug transaction, then forfeiture of the money would be remedial in nature since Reyes would not have a lawful right to the money. If, however, the money had been obtained through legitimate means, then the forfeiture would be punitive because Reyes

---

[1]The court suggests that the seizure of money intended for use in a drug transaction is "preventive," and thus the forfeiture proceeding is remedial. This statement is intended by the court to explain the distinction it finds between this case and *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198 (1982), where, as the court recognizes, the property legitimately belonged to the claimant and thus the forfeiture was punitive. In this case, there was no admissible evidence that even permitted an inference that the property was not legitimately Reyes', and thus I do not understand how this forfeiture would not be punitive even if it were "preventive." Indeed, in *One 1972 Chevrolet Van, supra,* we recognized that forfeiture proceedings usually are both preventive and penal in nature. *Id.* at 201.

had a lawful claim to the money at the time it was seized, and because currency is not a "special instrument[ ] tailored to the commission of crimes." *One 1972 Chevrolet Van, supra* at 201. If the latter is the case, then the money "had no distinguishing quality that made it particularly suitable for use in committing crimes, and its ownership, possession, and use were not crimes themselves." *Id.*

My view on the importance of the nature of the money at the time it was seized does not seem to be at odds with the reasoning of the court. We diverge, however, in the determination whether, on this record, the judge's findings that the money was the proceeds of an illegal drug transaction, is supportable. I conclude that, apart from improperly considered hearsay, it is not.

In his testimony, Springfield police Officer Carlo Damato repeated the hearsay statements of an employee of Roy's Towing Company regarding where and how the money was found. The money was said by the absent employee to have been found in a bag also containing a little over one gram of cocaine and one marihuana cigarette. Based on this hearsay evidence, Officer Damato was permitted to opine that the amount of cocaine was consistent with a sample from a larger supply of cocaine and that the money probably was intended for the purchase of a larger supply of cocaine. Damato also opined that the money was the proceeds of an illegal drug transaction. It is this latter opinion of Damato regarding the source of the funds, and on the judge's finding based on this opinion, that the court bases its conclusion that Reyes had no legitimate claim to the money.

This finding of the judge regarding the source of the money is unsupported by any credible or admissible evidence. Surely, law enforcement officers may give opinions about instrumentalities and evidence of crimes. P.J. Liacos, Massachusetts Evidence 379-380 (6th ed. 1994). Nevertheless, an opinion that is a "mere guess or conjecture . . . in the form of a conclusion from basic facts that do not tend toward that conclusion any more than toward a contrary one has no evidential value." *Toubiana* v. *Priestly*, 402 Mass. 84, 91

(1988). See *Commonwealth* v. *Seven Thousand Two Hundred Forty-six Dollars*, 404 Mass. 763, 766 (1989) (where the only evidence presented is based on conjecture and surmise, the evidence is insufficient). Here, there are no "basic facts" which support the officer's opinion regarding the source of the money.

The officer's opinion regarding the source of the money should be distinguished from his opinion regarding the intended use of the money (i.e., purchase of a larger quantity of cocaine), which is more sufficiently grounded in the evidence admitted at trial: e.g., that the amount of cocaine was consistent with a "sample"; and the money was bundled in $1,000 lots. In contrast, there is nothing in this record that supports the officer's opinion that the money was derived from an illegal drug transaction.[2]

Thus, I cannot agree with the finding that Reyes did not have a legitimate right to the money. Forfeiture of the money in this case would be punitive in nature, just as would be forfeiture of a common Chevrolet van. Since in this case G. L. c. 94C, § 47, is, in effect, a penal statute, retroactive application of the 1989 amended version of G. L. c. 94C, § 47, and its "probable cause" standard, would violate constitutional prohibitions against ex post facto laws because it lessens the Commonwealth's burden of proof. See *Doris*, *supra* at 450; *Commonwealth* v. *Bargeron*, 402 Mass. 589, 590-591 (1988). The applicable version of the statute, G. L. c. 94C, § 47 (1988 ed.), requires the Commonwealth to prove all material facts by a preponderance of the evidence.

---

[2]There was, for example, no evidence that Reyes had a history of illegal drug sales, or that he was known to be a drug dealer.

Reyes testified that the money was a loan. His testimony was corroborated by three witnesses, including two who testified that they had loaned Reyes much of the money in issue for the purpose of buying real estate. If one is to conclude that, since $14,200 was in cash and not a check, it must be illegal, that view is not only speculative but overlooks the fact that, in many cultures, banks are suspect and cash is the medium of exchange. I hope that the police officer, the trial judge, and, perhaps my colleagues are not unwittingly being culturally insensitive in reaching their conclusions.

This, the court acknowledges, the Commonwealth has not done. *Ante* at 4.

Even if I were to assume that the "probable cause" standard set forth in the 1989 amendment constitutionally could be applied in this case, I could not conclude that the Commonwealth has met its burden. The hearsay statements of the unknown employee of Roy's Towing, brought in through Officer Damato, should not have been admitted. Without these statements, the Commonwealth has not shown probable cause to institute forfeiture proceedings.[3] G. L. c. 94C, § 47 (*d*), as appearing in St. 1989, c. 653, § 79.

The court's discussion of the hearsay issue in this case is confusing. It says that there is no hearsay problem because the testimony regarding the employee's statement was "admissible, not to prove the truth of the out-of-court statement, but simply to prove Damato's state of mind and the reasonableness of the Commonwealth's decision to institute the forfeiture action, that is, to prove 'probable cause to institute the action.' " *Ante* at 5. General Laws c. 94C, § 47, however, says nothing about police officers' or district attorneys' states of mind or mere reasonableness in instituting this type of action.[4] The statute requires "probable cause to institute the action." Probable cause determinations deal with articulable facts and circumstances, not just reasonable states of mind. See *Commonwealth* v. *Grzembski*, 393 Mass. 516, 521 (1984).

Yet the court goes on to adopt the rule for indictments, which incorporates a probable cause standard, *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), that hearsay evidence may be used at indictment proceedings. *Com-*

---

[3]It was the employee who stated where and how the money was found. Without his statement linking the drugs and the money, there is no evidence connecting the two. Cf. *Commonwealth* v. *Seven Thousand Two Hundred Forty-six Dollars*, 404 Mass. 763, 765-766 (1989), and cases cited.

[4]I have little doubt that the Commonwealth always truly believes that it is reasonable to institute a forfeiture action.

*monwealth* v. *Gibson*, 368 Mass. 518, 522-525 (1975).[5] See *ante* at 9. The court apparently believes that, for forfeiture proceedings, this is a better rule than the rule in District Court probable cause hearings that hearsay statements that would be inadmissible at trial are inadmissible at the probable cause hearing. *Myers* v. *Commonwealth*, 363 Mass. 843, 849 & n.6 (1973).[6] I note, however, that this discussion regarding the admission of hearsay evidence contradicts the court's earlier statement that there is no hearsay problem here because the evidence is offered for state of mind purposes, not for the truth of the matter asserted. Analytically, the court cannot have it both ways.

The problem with the conclusion of the court that hearsay should be allowed in forfeiture proceedings as in indictment proceedings is that the Commonwealth is permitted to establish probable cause to institute a forfeiture proceeding by using hearsay evidence that is usually inadmissible in other proceedings, and then the burden shifts to the claimant, who is unable to cross-examine and impeach the absent declarant.[7] This case shows the danger of the court's rule, because

---

[5] The court overlooks the fact that, after indictment, the ultimate loss of a substantial constitutional right (liberty) must later be established by credible evidence beyond a reasonable doubt. *Ante* at 9.

[6] The court also seems to adopt Federal standards for probable cause and the admission of hearsay for forfeiture proceedings. Mere reference to the applicable Federal statutes and cases and the assertion of the court's belief that these are more appropriate standards do not constitute a convincing appellate discussion as to why these Federal standards should be adopted by this court in interpreting the law of the Commonwealth. *Ante* at 8.

We expressly have rejected the Federal standard for probable cause. See, e.g., *Commonwealth* v. *Upton*, 394 Mass. 363, 373 (1985). Also, we never have adopted the so-called "innominate" exception to the hearsay rule which is contained in Fed. R. Evid. 803 (24). *Commonwealth* v. *Costello*, 411 Mass. 371, 377 (1991). Indeed, this rule was not even urged for adoption as part of the proposed Massachusetts Rules of Evidence. P.J. Liacos, Massachusetts Evidence 529 (6th ed. 1994).

If the Commonwealth wants to take advantage of the lax Federal standards, it should go to Federal court to do so. The cost of that privilege, however, may be that the Federal government would get the proceeds.

[7] Even if hearsay is allowed in an indictment proceeding, it would not be allowed at trial, unless an exception to the rule applies, so there is a safeguard for the defendant. Here, there is no safeguard for the claimant: he

here Reyes could not cross-examine the only person who linked the drugs and the money and on whose statements the result in this case was based. The Commonwealth was not required to establish any indicia of reliability of the declarant's statement, did not show that the declarant was unavailable to come to court, and did not even show that it had attempted to find the declarant. See *Commonwealth* v. *Meech*, 380 Mass. 490, 496-498 & n.12 (1980) (discussing standards that would apply if court considered admitting hearsay not covered by an established exception to the rule).

The hearsay testimony of Officer Damato should not have been allowed. Without that testimony, there is no showing of any nexus between the drugs and the money. As a result, I would not conclude that the Commonwealth had met its burden of establishing probable cause to proceed. In the first instance, as noted above, I do not believe that the probable cause standard under the 1989 amendment to G. L. c. 94C, § 47, can be applied in this case. Accordingly, I dissent.

could not refute the story of the employee of Roy's Towing, except by his own testimony, which the judge chose not to believe.