COMMONWEALTH *vs.* ADRIANO VIEIRA. No. 96-P-206. October 30, 1996. *Forfeiture Proceeding. Practice, Civil,* Forfeiture proceeding. *Constitutional Law,* Double jeopardy.

The defendant was indicted for alleged drug crimes, and cash and two automobiles were ordered forfeited in a proceeding pursuant to G. L. c. 94C, § 47. The defendant's motion to dismiss the indictments, on the ground that forfeiture and prosecution would constitute impermissible double jeopardy, was allowed by a judge of the Superior Court. The Commonwealth appeals, and we reverse.

The defendant acknowledges that the Federal constitutional basis for the decision below and his contention here is untenable in light of the supervening decisions in *United States* v. *Ursery*, 116 S. Ct. 2135 (1996), and *Albano* v. *Commonwealth*, 423 Mass. 1005 (1996). He maintains, however, that our common law and Declaration of Rights exceed the Federal Fifth Amendment and afford him protection from prosecution here. He concedes that forfeiture of the cash is not punishment, and is therefore permissible. See *Commonwealth* v. *Fourteen Thousand Two Hundred Dollars*, 421 Mass. 1, 6-7 (1995). But, relying on *Commonwealth* v. *One 1971 Chevrolet Van*, 385 Mass. 198 (1982), he urges that seizing his Nissan car is punishment within Massachusetts double jeopardy principles.

The defendant, like the Superior Court judge in his decision on the motion, does not dispute the Commonwealth's contentions that the vehicles were instrumentalities of the alleged crimes and that the forfeitures are compensatory and remedial in the sense that their proceeds are to be used to defray the costs of criminal investigations and prosecutions. See G. L. c. 94C, § 47(*d*). Rather, he argues that depriving him of his car is a punishment, and State law flatly bars multiple punishments.

The defendant cites no authority for his assertion that, in the circumstances of this case, State double jeopardy law is more protective than its Federal counterpart. The defendant's reliance on *Berry* v. *Commonwealth*, 393 Mass. 793, 798 (1985), is misplaced. To be sure, the court said there: "Common law principles may provide greater protections [against double jeopardy] than either the State or the Federal Constitution requires." However, *Berry* is a multiple prosecutions case, and we have not been pointed to a case of alleged multiple punishments in which the Supreme Judicial Court or we have defined "punishment" more expansively than the United States Supreme Court's double jeopardy decisions. Indeed, while

waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). We note, however, that this motion also was untimely.

there appear to be no appellate cases directly on point, indications in recent decisions are to the contrary. See *Luk* v. *Commonwealth*, 421 Mass. 415, 416 n.3 (1995).

In any event, we are not dealing in this case with a typical punishment or with a civil fine or other sanction that is so heavy as to be punitive rather than compensatory or remedial. Compare *United States* v. *Halper*, 490 U.S. 435 (1989), and *Department of Rev. of Mont.* v. *Kurth Ranch*, 511 U.S. 767 (1994). The defendant labels his loss "punitive," but that does not make it so. And particularly where no disparity between remedial costs and the value of the forfeiture has been claimed, much less shown, we reject the defendant's characterization of this forfeiture as punishment. That is to say, if State law is more protective than cognate Federal principles — an issue we do not reach — the difference does not avail this defendant. The forfeiture here was not punishment within the meaning of State or Federal law.

Accordingly, the indictments are to be reinstated, and the case is remanded to the Superior Court for trial.

*Judgment reversed.*

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.
*Robert M. Xifaras* for the defendant.