Rufo, Robert C., J.
Currently before this court is a motion for summary judgment in a forfeiture proceeding pursuant to G.L.c. 94C, §47(d). The defendant Carlos Rojas was arrested in 2001 and the items which appear as defendants in the present action were seized following the execution of a search warrant relating to a police investigation of Rojas and are now listed in the Commonwealth’s forfeiture petition. Rojas has been a fugitive from justice since 2001. The opposition to the Commonwealth’s motion for summary judgment in the forfeiture proceedings has been filed by Rojas’s attorney, who is acting as an intervener in this case.
The intervener argues that the Commonwealth’s allegations in its summary judgment motion constitute inadmissable hearsay which would not be admissible at trial. With respect to defendant $39,705.00, the intervener argues that “the Defendant $39,705.00 was not seized with narcotics and further states that there is no evidence that said money was the proceeds of drug sales, or was to be used in the procurement of narcotics.” The intervener argues that because there is no nexus between the drugs seized and this particular sum of cash that was seized in a different area, the defendant $39,705.00 is not forfeitable pursuant to the Commonwealth’s petition.
I. Defendant $39,705.00
Under G.L.c. 94C, §47(d), the “Commonwealth shall have the burden of proving to the court the existence of probable cause to institute the action, and any . . . claimant shall then have the burden of proving that the property is not forfeitable.” Specifically, the statute states: “All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this chapter, all proceeds traceable to such an exchange” shall be forfeitable under G.L.c. 94C, §47(a)(5).
In Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. 1 (1995), the court discussed this burden, and stated that:
It is appropriate that the Commonwealth’s burden under G.L.c. 94C, §47(d), be similar to its burden in seeking an indictment and less than its burden at a probable cause hearing to determine whether someone should be held for trial. In the latter situation, since the Commonwealth will have the burden of proving all the essential elements of the crime charged at trial, it is right that, to hold a defendant for trial, the Commonwealth should have as a minimum that same quantum of proof. In the forfeiture situation, however, if the Commonwealth proves probable cause to proceed, in the form of sound reason to believe that the money-drug nexus exists, although the Commonwealth does not have sufficient evidence to prove its case at trial, the Commonwealth acts responsibly by instituting the action and leaving to a claimant the statutoiy burden of proving entitlement to the property at issue.
Id. at 9. In the present case, the Commonwealth has put forth “sound evidence to believe that the money-drug nexus exists[.]” Id. The Commonwealth’s motion details police surveillance, and included observations that Rojas ran a drug operation and used several automobiles and residences in furtherance of that criminal enterprise. There was evidence recovered with the $39,705.00 which tied Rojas to that location, including several utility bills.
“The probable cause standard in §47 does not require the Commonwealth to establish a link between the money seized and a particular drug transaction. See United States v. $250,000 in U.S. Currency, 808 F.2d 895, 899-900 (1st Cir. 1987). The Commonwealth must show only that ‘the money was probably derived from illegal drug transactions.’ Id. at 900.” Commonwealth v. Brown, 426 Mass. 475, 479 (1998). This court concludes that the Commonwealth made such a showing here, and that the intervener has failed to carry his burden to demonstrate that the $39,705.00 was not forfeitable. Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. at 9. The Commonwealth is entitled to summary judgment with respect to defendant $39,705.00.

*263
II. The Remaining Defendants

With respect to the summary judgment motion as to the remaining defendants, although the intervener is correct in his assertion that the police observations of Rojas and the confidential informant’s tips to police could constitute hearsay, these statements are admissible in forfeiture proceedings. See Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. at 9. Other than to argue that the Commonwealth’s allegations cannot be conclusively established without the use of hearsay evidence, the intervener has failed to put forth specific facts demonstrating that there is a genuine issue for trial, as required under Mass.R.Civ.P. 56. Correllas v. Viveiros, 410 Mass. 314, 317 (1991). Mere assertions of the existence of disputed facts without evidentiary support cannot defeat the summary judgment motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
It is hereby ORDERED that the Commonwealth’s motion for summary judgment is ALLOWED.